JASON S. BAILEY, Respondent, *v.* CASUALTY COMPANY OF AMERICA, Appellant.

Second Department, December 14, 1917.

Guaranty and suretyship — liability of surety on bond of wrecking company — action for penalty — when acts by subcontractor do not defeat claim for penalty — appeal — objections not raised below.

The occupation by a subcontractor for excavation of a part of certain premises does not defeat the owner's claim upon an indemnity bond providing a *per diem* penalty for the failure of a wrecking company to complete its work within a certain number of days from the date when

" the owner gives the building to the contractor," unless such entry was at the solicitation, invitation, request or direction of the owner, and unless said subcontractor was responsible for the delays.

The failure of the owner to show the performance of the condition precedent to liability on the bond by giving the notice required therein cannot be successfully raised for the first time on appeal.

It was error for the court to decide, as a matter of law, that the owner was entitled to recover a penalty each day over the stated time figuring from the time when the work was begun, or nothing, as under the express terms of the contract the number of days within which the work was to be completed commenced to run from the date when the owner gave over every part of the building to the wrecking company.

The casualty company, not being a party to subsequent arrangements as to the giving of a portion of the building instead of all, was not affected thereby.

APPEAL by the defendant, Casualty Company of America, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Kings on the 29th day of March, 1917, upon the verdict of a jury, and also from an order entered in said clerk's office on the same day denying defendant's motion for a new trial made upon the minutes.

On June 11, 1915, the plaintiff made a contract in writing with the Hartman Wrecking Company, hereinafter called the Wrecking Company, whereby the plaintiff, in consideration of the sum of $3,000, sold to the Wrecking Company the structure covering premises known as Nos. 9 to 17 Bond street and 16 to 20 Hanover place in the borough of Brooklyn. Among other things, the Wrecking Company agreed to demolish and remove the entire building standing on said premises, then occupied by the Young Men's Christian Association, and that the time for the completion of the work should be seventeen working days from the date that " the owner gives the building to the contractor." The agreement further provided that, should the Wrecking Company fail to complete the work within the specified time of seventeen working days, it should pay to the owner (the plaintiff) $300 per day for each and every day over the allotted time, as a penalty, and should the Wrecking Company complete the work within the period, it should receive a bonus of $300 per day. The agreement further provided that the Wrecking Company should provide a

security and indemnity bond in the sum of $10,000 as guarantee for the execution of the contract and as security for the full and faithful performance thereof. Pursuant to the contract the Wrecking Company as principal and the defendant as surety executed and delivered to plaintiff a bond in the sum of $10,000, conditioned to be void if the principal should remove and wreck the said buildings within seventeen working days.

The Wrecking Company began the work on June 21, 1915, and finished on August second. The plaintiff thereafter brought this action for breach of the conditions of the bond, claiming the penalty of $300 per day for fourteen days' delay in performance of the contract, and has recovered judgment therefor. Other facts necessary to a decision are stated in the opinion.

*Chester E. Bates*, for the appellant.

*Benjamin Reass* [*Hugo Hirsh* and *Emanuel Newman* with him on the brief], for the respondent.

BLACKMAR, J.:

The contractor for excavating, Corcoran, having entered on a portion of the premises and begun the work of excavation, under a contract with plaintiff, before the work of demolition had proceeded for seventeen days, the defendant claims that the obligation for the penalty was annulled. Upon this point the learned court charged the jury that the occupation by the contractor for excavation of a part of the premises did not defeat plaintiff's claim unless " such entry was at the solicitation, invitation, request or direction of the plaintiff, and you find the evidence establishes that this sub-contractor was responsible for the delays for which the plaintiff is now seeking compensation." This charge was an application of the doctrine of *Mosler Safe Co.* v. *Maiden Lane S. D. Co.* (199 N. Y. 479), which holds that where the owner is responsible for delays because of which the date fixed for the completion of the contract is passed, the obligation for liquidated damages for delay is annulled and the owner remitted to a cause of action for damages actually sustained. The law of the charge was correct, but does not meet the claim of appellant's

counsel.    His claim is that the penalty is practically liquidated damages for deprivation of the use of the premises; that a portion of the premises was surrendered to plaintiff for the use of the contractor for excavation; that a per diem penalty for deprivation of the whole cannot be enforced when the plaintiff, through his contractor, has taken possession of part; and that, as the penalty cannot be apportioned, it must all fall.    Consistently with this position, the defendant asked the court to charge " that by reason of the fact that Corcoran entered these premises on the 8th or 10th of July, whichever date they. find, and proceeded under the contract with the plaintiff, that by reason of that fact the plaintiff cannot recover any portion of the penalty."    The court declined so to do, and defendant's counsel excepted. This was not error, because behind this lies the question whether Corcoran entered at the request of plaintiff or for his own purposes with the consent of the Wrecking Company. Upon this point there was a conflict of evidence.    If he entered under authority given by plaintiff, so that his possession was plaintiff's, I think the penalty is gone; otherwise, if by arrangement between Corcoran and the Wrecking Company, for the plaintiff cannot be deprived of his right to the penalty, except by his own act or with his own consent.    Nor can the failure of plaintiff to show the performance of the condition precedent to liability by giving the notice required in the bond, be successfully raised for the first time on appeal.

But we think it was error for the court to decide as matter of law that plaintiff was entitled to recover for fourteen days' penalty or nothing; and that this point was properly covered by exception.    The learned court was led into this error by sustaining the claim of plaintiff that the work was to be completed within. seventeen days from the time it was begun. This was not the contract.    The contract provided that the seventeen days were to begin from " the date that the owner gives the building to the contractor."    This means the whole and every part of the building, and this was not given to the Wrecking Company until midnight, June 30, 1915, for one Healy had a lease of a small part of the building to be demolished, and retained possession under his lease until that time.    The defendant, a surety, guaranteed only the

performance of the contract as written, a copy of which was annexed to the bond. No matter what arrangements were made afterwards as to giving a portion of the building instead of all, the defendant surety, not being a party thereto, was not affected. It can stand upon the letter of the contract as written. This provided for the completion of the work within seventeen working days from the date that the owner gave the building to the contractor. This does not mean a part of the building, but all; for it is obvious that complete dominion over the building would facilitate the progress of demolition. The defendant did concede on the trial that the work of demolition began on June twenty-first, and ended on August second, and that there were thirty-one working days between those dates; but this, as defendant's counsel plainly pointed out in his request to charge, was not a concession that the time began to run on June twenty-first.

The building was given to the contractor on the midnight of June thirtieth, and the computation for the penalty should have been made from that time. As, against the objection and exception of defendant, it was computed from June twenty-first, the day when work began, the judgment cannot stand. We think, however, that plaintiff should be given the privilege of holding the judgment for the amount for which he was entitled on the record to recover; and, therefore, reverse the judgment and order and grant a new trial, costs to abide the event, unless the plaintiff shall, within twenty days, stipulate to reduce the verdict to $1,350, with interest from August 2, 1915, and modify the judgment accordingly; in which case the judgment, as so modified and the order are affirmed, without costs.

JENKS, P. J., THOMAS, MILLS and PUTNAM, JJ., concurred.

Judgment and order reversed and new trial granted, costs to abide the event, unless within twenty days plaintiff stipulate to reduce the verdict to $1,350, with interest from August 2, 1915, and modify the judgment accordingly; in which event the judgment, as so modified, and the order are unanimously affirmed, without costs.