■ STATE FARM MUTUAL AUTO INSURANCE COMPANY, Appellant, v ANTHONY BASILE, Respondent.—In a proceeding to stay arbitration, petitioner appeals from an order of the Supreme Court, Nassau County, dated July 9, 1974, which denied the application. Order reversed, on the law, without costs, and application granted. Respondent, an "insured" under the terms of a motor vehicle policy which contained an endorsement pursuant to subdivision 2-a of section 167 of the Insurance Law providing coverage against injury caused by an uninsured motorist, demanded arbitration pursuant to the terms of that endorsement. He had been a passenger on an uninsured motorcycle when it collided with an automobile. He received the sum of $10,000 upon the execution of a conditional release discharging the automobile driver from liability. Under the terms of the endorsement, petitioner's limit of liability for damages for bodily injuries sustained by one insured is $10,000. The endorsement further provides that "Any amount payable under the terms of this endorsement * * * because of bodily injury sustained by one person, shall be reduced by (1) all sums paid to one or more insureds on account of such bodily injury by or on behalf of (a) the owner or operator of the uninsured automobile and (b) *any other person or persons jointly or severally liable together with such owner or operator for such bodily injury*" (emphasis added). Although the endorsement is required by the Insurance Law, the obligation of the insurance company is contractual rather than statutory in nature *(MVAIC v National Grange Mut. Ins. Co.,* 19 NY2d 115). Petitioner is not liable to respondent since any amount which could be deemed payable under the endorsement would be reduced by $10,000, which amount respondent accepted in settlement of his claim against the automobile driver (cf. *Matter of Durant [MVAIC],* 15 NY2d 408). Hopkins, Acting P. J., Cohalan, Christ, Brennan and Munder, JJ., concur.