■ In the Matter of SEMIMETALS INCORPORATED et al., Petitioners, v STATE HUMAN RIGHTS APPEAL BOARD, Respondent.—Proceeding pursuant to section 298 of the Executive Law to review an order of the State Human Rights Appeal Board, dated July 16, 1974, which affirmed an order of the State Division of Human Rights, dated September 28, 1973, which, *inter alia,* found that petitioners had unlawfully discriminated against the complainant, Marion Lewis, a black woman, because of her race and sex. The State Division has cross-applied, *inter alia,* for enforcement of the order. Petition granted, order of the Human Rights Appeal Board vacated, and cross application denied, without costs. The record fails to establish by substantial evidence that the firing or laying-off of the complainant resulted directly or indirectly from a pattern of discrimination directed against her by petitioners because she was black and/or female. Although the record does disclose acts of discrimination which occurred at Semimetals directed at black, female personnel during the course of the complainant's employment with petitioners, it does not support a finding that these acts culminated in, or contributed to, the eventual dismissal of complainant from her employment. Rabin, Acting P. J., Martuscello, Brennan and Munder, JJ., concur; Hopkins, J., dissents and votes to confirm the order, with the following memorandum: Our role, under section 298 of the Executive Law, is limited to considering whether the findings of fact are "supported by sufficient evidence on the record considered as a whole." I cannot say that the record is insufficient to justify the findings made.

■ In the Matter of THOMAS STANZIALE, Appellant, v ALLSTATE INSURANCE COMPANY et al., Respondents.—In a proceeding to vacate or modify a portion of an arbitration award, petitioner appeals from a judgment of the Supreme Court, Kings County, dated November 29, 1974, which denied the application. Judgment affirmed, without costs (see *State Farm Mut. Auto. Ins. Co. v Basile,* 48 AD2d 868). Hopkins, Acting P. J., Martuscello, Cohalan, Brennan and Munder, JJ., concur.

■ ROSA E. JENKINS et al., Appellants, v WILLIS BROWN, Respondent.— In a negligence action to recover damages for personal injuries, plaintiffs appeal from an order of the Supreme Court, Westchester County, entered February 25, 1975, which denied their motion to impose sanctions upon defendant for making changes improperly in the transcript of his examination before trial. The appeal also brings up for review so much of a further order of the same court, entered March 25, 1975, as, upon reargument, adhered to the original determination. Appeal from the order entered February 25, 1975 dismissed as academic. That order was superseded by the order granting reargument. Order entered March 25, 1975 affirmed insofar as appealed from. Defendant is awarded one bill of $50 costs and disbursements to cover both appeals. Under the special circumstances of this case, Special Term did not abuse its discretion in denying the motion. Hopkins, Acting P. J., Martuscello, Cohalan, Brennan and Munder, JJ., concur.