■ In the Matter of CITIZENS CARE DAY CARE CENTER, INC., Respondent, v COMMUNITY AND SOCIAL AGENCY EMPLOYEES UNION, DISTRICT COUNCIL 1707 DAY CARE EMPLOYEES, CSAEU, AFSCME, AFL-CIO, Appellant.—Order and judgment (one paper), Supreme Court, New York County, entered June 9, 1977, *inter alia,* granting petitioner's motion for leave to renew and reargue the decision and order and judgment, denominated an order,

entered March 15, 1977, and thereupon vacating the prior decision and staying arbitration unanimously modified, on the law, without costs or disbursements, to the extent of adhering, on renewal, to the prior decision and reinstating the order and judgment entered March 15, 1977, which dismissed the petition to stay arbitration and granted the cross application to compel arbitration. The order and judgment appealed from is otherwise affirmed. Motion to strike appellant's reply points denied. The plaintiff here is a corporation operating a day care center. The defendant, a labor union, represents the plaintiffs' employees under a collective bargaining agreement. Plaintiffs' employee, Gwendolyn King, is covered by that agreement. King was discharged by plaintiff for cause. The union contested on the grounds that the discharge was without cause within the meaning of the collective bargaining agreement. The matter could not be resolved and the defendant union sought to arbitrate. Meanwhile, the employee had applied for unemployment benefits and after a hearing, the referee decided that King's behavior constituted misconduct and she was therefore not eligible for unemployment insurance benefits. Having previously directed that arbitration proceed, Special Term reversed itself on application to renew and reargue and directed that the employee and anyone representing her were estopped from contesting the facts previously presented to the referee. In so doing, the court treated the referee's findings as *res judicata,* and indeed the parties argue the doctrine of *res judicata.* The question of the *res judicata* effect of the determination of the unemployment insurance referee, on which we express no opinion, is for the arbitrator. A stay of arbitration is not authorized by CPLR 7503 (subd [b]) on such a ground. Moreover, any questions of procedural compliance with the collective agreement are also for the arbitrator. *(Matter of Long Is. Lbr. Co. [Martin],* 15 NY2d 380; cf. *Steelworkers v Enterprise Corp.,* 363 US 593.) Concur—Murphy, P. J., Lupiano, Evans and Capozzoli, JJ.