■ In the Matter of INCORPORATED VILLAGE OF VALLEY STREAM, Appellant, v LOCAL 342 et al., Respondents. — In a proceeding to vacate an arbitration award, wherein the respondents cross-petitioned to confirm the award, petitioner appeals from a judgment of the Supreme Court, Nassau County (Delin, J.), dated June 4, 1981, which denied the petition to vacate and granted the cross petition to confirm. Judgment affirmed, without costs or disbursements. On August 7, 1980, respondent William St. George, an employee of the Village of Valley Stream, was arrested on a charge involving sexual abuse, which

incident occurred while he was neither on duty nor in the village. St. George never returned to work after that date. Subsequently, he pleaded guilty to unlawful imprisonment in the first degree, a felony, and on November 26, 1980, was sentenced to a "term of sixty days, time already served, and five years probation". He was granted a certificate of relief from disabilities by the sentencing court. Thereafter, on December 8, 1980, the Village Board of the Village of Valley Stream exercised its discretionary powers and discharged the employee; St. George filed a grievance arising from such discharge and demanded arbitration. However, prior to the submission of this matter to arbitration, a hearing was held before an administrative law judge to determine St. George's claim regarding unemployment insurance benefits. After the hearing, the administrative law judge, by decision dated March 10, 1981, found that the conduct of St. George violated the work rules of the Village of Valley Stream in that his actions involved an issue of moral turpitude which brought the village into disrepute. The administrative law judge concluded: "Under the circumstances, claimant's [St. George's] termination constitutes a disqualification because he was convicted of a felony, in connection with his employment." Thereafter, the matter of St. George's termination was submitted to arbitration. At the arbitration hearing, the village submitted evidence to the arbitrator detailing the prior hearing and the decision of the administrative law judge upon the very subject in issue. On April 8, 1981, the arbitrator sustained the grievance of St. George and rescinded his termination. While we have previously determined that one administrative agency may be precluded from litigating the issue of the discharge of an employee for just cause, where there has been a prior determination by another agency of the same issue with identity of parties (see *Matter of Newsday, Inc. v Ross,* 80 AD2d 1), we note that the issue of arbitration was not involved in that case. In the within case, we are concerned with an arbitration proceeding pursuant to the provisions of a collective bargaining agreement, and it is conceded that the grievance was within the scope of the arbitration clause of such agreement. Accordingly, the question of the *res judicata* effect of the determination of the unemployment insurance administrative law judge was properly for the arbitrator (see *Matter of Citizens Care Day Care Center v Community & Social Agency Employees Union,* 59 AD2d 845). The award of an arbitrator may be vacated only upon grounds specified in CPLR 7511 (subd [b]) and may not be vacated for errors of law or fact committed by him (*Matter of Schine Enterprises [Real Estate Portfolio of N. Y.],* 26 NY2d 799), unless the arbitrator's findings contravene public policy (*Board of Educ. v Patchogue-Medford Congress of Teachers,* 48 NY2d 812; *Matter of Acting Supt. of Schools of Liverpool Cent. School Dist. [United Liverpool Faculty Assn.],* 42 NY2d 509). The express public policy of the State of New York, as provided in article 23-A of the Correction Law, applicable to public agencies and private employers, is that a conviction of one or more criminal offenses, per se, shall not be the basis for denial of employment, except for membership in any law enforcement agency, unless: "(1) there is a direct relationship between one or more of the previous criminal offenses and the specific * * * employment sought; or (2) * * * the granting of the employment would involve an unreasonable risk to property or to the safety or welfare of specific individuals or the general public." (Correction Law, § 752.) In making a determination, the public agency or private employer must consider the factors set forth in section 753 of the Correction Law, which provides in subdivision 2 that the public agency or private employer shall also give consideration to "a certificate of relief from disabilities * * * issued to the applicant, which certificate shall create a presumption of rehabilitation in regard to the offense or offenses specified therein" (see, also, Executive Law,

§ 296, subd 15). Based upon such statutory requirements, we cannot conclude that the arbitrator's finding and award contravene public policy. Weinstein, J. P., Thompson, Bracken and Boyers, JJ., concur.