In the Matter of ROGER SNYDER, Respondent, v NATION-WIDE MUTUAL INSURANCE COMPANY, Appellant. — In a proceeding pursuant to CPLR 7510 to confirm an arbitration award, the appeal is from a judgment of the Supreme Court, Suffolk County (D'Amaro, J.), dated July 11, 1983, which, *inter alia,* upon confirming the award, is in favor of the petitioner in the principal sum of $10,000.

Judgment reversed, on the law, with costs, and matter remitted to the Supreme Court, Suffolk County, for a new determination consistent herewith.

On March 30, 1979, a collision occurred in the Town of Brookhaven between an unregistered and uninsured motorcycle owned and operated by one George Gorman and a vehicle owned by one Jacqueline Ainsworth and covered by a liability insurance policy issued by Allstate Insurance Company (hereinafter Allstate). Petitioner Roger Snyder, a minor at the time, was a passenger on the motorcycle. Petitioner thereafter made claim against respondent Nationwide Mutual Insurance Company (hereinafter Nationwide) pursuant to the terms of the uninsured motorist coverage of an insurance policy maintained by his father with that carrier. Petitioner was subsequently awarded the sum of $10,000, the policy limit, following arbitration.

Petitioner thereafter commenced this proceeding to confirm the award and Nationwide moved to vacate the award. Special Term ultimately ruled in petitioner's favor. We agree.

Although petitioner commenced an action against Ainsworth without first notifying Nationwide, thus breaching condition 4 of the uninsured motorist indorsement to his father's policy with Nationwide (*Brown v MVAIC,* 33 AD2d 804), that violation was insufficient as a basis to vacate the award. We note that the *Brown* case was decided within the context of an insurer's motion to permanently stay arbitration, in contrast to the instant cross application by the insurer to vacate the arbitrator's award. Here, the record shows that Nationwide was in fact aware, prior to the arbitration hearing, of the existence of the action and thus it cannot be deemed prejudiced by petitioner's failure to so inform it. While we do not condone petitioner's failure to immediately notify Nationwide of the commencement of his action, the arbitration award should not be vacated as a result thereof.

An arbitration award must be sustained if it has a rational basis (*Caso v Coffey,* 41 NY2d 153, 158) unless, *inter alia,* the arbitrator's findings contravene public policy (*Matter of Incorporated Vil. of Val. Stream v Local 342,* 89 AD2d 1016). As the

instant award has a rational basis and none of the grounds set forth in CPLR 7511 (subd [b]) for vacating an award is present, Special Term did not err in confirming the award.

However, we reverse the judgment and remit the matter to Special Term for a determination of whether petitioner's conduct subsequent to the arbitration award and confirmation thereof may be deemed fraudulent. Subdivision (b) of condition 5 of the uninsured motorist indorsement, entitled "Limits of Liability", provides in relevant part that the policy limit of $10,000 will be reduced by "(1) all sums paid to one or more Insureds on account of such bodily injury by or on behalf of (a) the owner or operator of the uninsured automobile and (b) *any other person or persons jointly or severally liable together with such owner or operator* for such bodily injury" (emphasis supplied). In its motion papers, Nationwide indicated that Allstate had apparently settled petitioner's action against Ainsworth for $25,000, the limit of her policy with that insurer. Nationwide included as an exhibit a letter from Allstate to petitioner's counsel which (a) confirmed a conversation between an Allstate claims representative and that counsel to the effect that "we agree to the settlement of Roger Snyder's bodily injury case in the amount of $25,000" and (b) also requested that counsel "forward closing papers". This letter was dated June 17, 1982; the arbitration hearing was scheduled to take place on July 27, 1982. Counsel consistently averred that petitioner, who had reached his majority, had rejected the settlement offer. However, during oral argument of this appeal, petitioner's counsel conceded that, in fact, the action against Ainsworth has been settled for $25,000, without indicating whether payment has been made.

In light of the foregoing, the matter is remitted to Special Term to determine whether petitioner has received payment from Allstate. If that is the case, Nationwide no longer has any liability to petitioner by operation of condition 5 of uninsured motorist indorsement and judgment should not be granted in favor of petitioner. If, however, payment has not been made, then Special Term should grant judgment to petitioner against Nationwide conditioned upon the signing by petitioner of Nationwide's "RELEASE AND TRUST AGREEMENT", based upon condition 8 of the uninsured motorist indorsement, which provides, *inter alia,* as follows:

"Trust Agreement. In the event of payment to any person under this endorsement:

"(a) The Company shall be entitled to the extent of such payment to the proceeds of any settlement or judgment that may result from the exercise of any rights of recovery of such person

against any person or organization legally responsible for the bodily injury because of which such payment is made;

"(b) such person shall hold in trust for the benefit of the Company all rights of recovery which he shall have against such other person or organization because of such bodily injury;

"(c) such person shall do whatever is proper to secure and shall do nothing after loss to prejudice such rights * * *

"(e) such person shall execute and deliver to the Company such instruments and papers as may be appropriate to secure the rights and obligations of such person and the Company established by this provision and, upon request of the Company, shall attend hearings and trials and assist in securing and giving evidence, obtaining the attendance of witnesses and in the conduct of any legal proceedings".

Petitioner has no right to settle with the third-party tort-feasor without reserving Nationwide's subrogation rights against such tort-feasor (see *Weinberg v Transamerica Ins. Co.,* 62 NY2d 379). Nationwide should have advanced this argument in an application to vacate the order directing arbitration. However, the signing of the release and trust agreement will ensure that Nationwide's rights will not be impaired. Petitioner, through his counsel, had earlier refused Nationwide's request that he sign this agreement prior to payment of the arbitration award, on the basis that Nationwide has a lien only as to payments received from the uninsured tort-feasor. Nationwide's agreement provides for subrogation rights and reimbursement, to the extent, *inter alia,* of payment by Nationwide to petitioner of money received by him as a result of judgment or by settlement against any tort-feasor involved in the accident, whether or not that tort-feasor was the uninsured motorist. We agree with Nationwide's interpretation and condition a judgment accordingly. Thompson, J. P., Weinstein, Rubin and Lawrence, JJ., concur.