■ In the Matter of the Arbitration between Co-Op City PBA, Appellant, and Riverbay Corporation, Respondent.— Order, Supreme Court, Bronx County (Joseph L. DiFede, J.), entered September 10, 1984 which granted respondent's motion to vacate an arbitration award dated November 14, 1983 which had reinstated Michael Bregman as a peace officer on Riverbay Corporation's security force, and denied petitioner's cross motion to confirm said award, unanimously reversed on the law, the award reinstated, and the cross motion to confirm the award granted, with costs.

Michael Bregman was employed as a security officer by respondent Riverbay pursuant to a collective bargaining agreement with petitioner Co-Op City PBA. The collective bargaining agreement provides that "No employee who has completed his trial period shall be terminated, laid off or work suspended without good and just cause based upon the decision of the Arbitrator in accordance with this Article." The agreement goes on to define just cause for suspension as "behaviour [sic] which is of such nature as to create potential liability to the Employer such as behavior that is dangerous to persons or property, assaultive in nature, psychotic, criminal, abusive, defamatory; or indications that the employee has been insubordinate and continues to be insubordinate after a 1-day suspension without pay."

Bregman was suspended by a written notice, dated March 25, 1983, which did not give any reason for the suspension.

Petitioner Union thereafter commenced an arbitration proceeding on Bregman's behalf in accordance with the collective bargaining agreement. At the arbitration hearing, the respondent set forth Bregman's activities as an officer and co-owner of a private company called A-Pro Security Services (A-Pro) as the reason for his dismissal as a security guard.

A-Pro had contracted to provide security services to City-Wide Plumbing Corporation which was performing work at a construction site at Co-Op City in 1980 and 1981.

Thereafter, the State Investigation Commission (SIC) conducted an investigation into alleged fraudulent billing practices in connection with this work.

In 1983, Riverbay demanded that Bregman turn over finan-

cial records concerning A-Pro. Bregman did not turn over these records, claiming that he could not, as he sold his interest in A-Pro in November 1982 and no longer had control over these records. Riverbay claims that this failure to turn over records constituted "insubordination" pursuant to the collective bargaining agreement.

The arbitrator found that Bregman provided credible evidence of his inability to turn over these documents and that thereby Riverbay's charge of insubordination could not stand. The arbitrator accordingly reinstated Bregman.

Special Term vacated this determination, finding that the award violated public policy, stating that an employer cannot be forced to retain a law enforcement employee who is "under investigation for having violated the law."

We reverse and reinstate the arbitrator's award.

Riverbay has failed to demonstrate any public policy against the employment of a peace officer who has merely been investigated for wrongdoing, let alone one requiring his suspension for having been formally accused or indicted of a crime. In *Matter of Incorporated Vil. of Val. Stream v Local 342* (89 AD2d 1016), the court upheld the arbitrator's reinstatement of an employee who was suspended after his arrest on a charge involving sexual abuse (which occurred off duty) and conviction of the felony of unlawful imprisonment in the first degree.

Herein, the reinstatement of Bregman to his employment while he is under investigation by the SIC and subject to mere allegations of wrongdoing, outside of his employment, does not violate public policy. The arbitrator's award should not have been vacated on this ground.

Secondly, the stated reasons of the arbitrator for his award —that Bregman could not be guilty of insubordination for failing to turn over the financial records of A-Pro because they were no longer under his control—are supported by the record and do not indicate that the arbitrator exceeded his power or imperfectly executed it. (CPLR 7511 [b] [1] [iii].) Concur— Sandler, J. P., Ross, Asch, Milonas and Ellerin, JJ.