■ In the Matter of FEDERAL INSURANCE Co., Appellant, v MYRON STECHMAN, Respondent. [595 NYS2d 815] —In a proceeding pursuant to CPLR article 75 to stay the arbitration of a claim for underinsured motorist benefits, the petitioner appeals from a judgment of the Supreme Court, Nassau County (Levitt, J.), entered January 24, 1991, which dismissed the proceeding.

Ordered that the judgment is affirmed, with costs.

Contrary to the petitioner's argument, the respondent was not required to obtain its consent before settling the underlying action, as there was no provision in the policy requiring such consent (cf., Matter of State Farm Mut. Ins. Co. v Donath,

164 AD2d 889; *Matter of State Farm Mut. Ins. Co. v Lopez,* 163 AD2d 390; *Matter of State Farm Mut. Ins. Co. v Parker,* 160 AD2d 882).

In addition, we are of the view that the language of the release sufficiently preserved the insurer's subrogation rights *(see, Weinberg v Transamerica Ins. Co.,* 62 NY2d 379).

We also reject the petitioner's contention that the respondent's failure to notify it of the pending lawsuit against the tortfeasor constituted a breach of a condition of coverage. The disputed policy provision relied on by the petitioner states:

"ADDITIONAL DUTY

"Any person seeking coverage under this endorsement must also promptly send us copies of the legal papers if a suit is brought."

This provision is not clearly designated as a condition precedent to arbitration *(cf., Brown v MVAIC,* 33 AD2d 804), and the term "legal papers" is not defined with sufficient clarity to avoid fatal ambiguity *(cf., Security Mut. Ins. Co. v Acker-Fitzsimmons Corp.,* 31 NY2d 436, 439; *see also, Allstate Ins. Co. v Noorhassan,* 158 AD2d 638).

We have considered the petitioner's remaining contentions and find them to be without merit. Mangano, P. J., Bracken, Lawrence and O'Brien, JJ., concur.