[606 NYS2d 167]

In the Matter of the Arbitration between TRAVELERS INDEM-
NITY COMPANY, Appellant, and KENNETH LEVY, Respon-
dent.

First Department, December 30, 1993

36

## APPEARANCES OF COUNSEL

*Michael Baldo* of counsel *(Caulfield, Galvin, Heller, Harris & Colligan,* attorneys), for appellant.

*Jay H. Tannenbaum* for respondent.

## OPINION OF THE COURT

Asch, J.

The facts are not in dispute. Respondent Kenneth Levy was injured in an automobile accident in Arizona, along with one Yoichi Arima. Mr. Levy and Mr. Arima were both driving rented cars. Mr. Levy brought suit in Arizona and settled for $15,000. Mr. Levy gave a general release that expressly reserved his ability to claim against his underinsured motorist coverage.

Mr. Levy is domiciled in New York. His insurance policy, issued by Travelers, includes a provision for underinsurance; specifically, for supplemental uninsured motorist coverage pursuant to Insurance Law § 3420 (f) (2). Accordingly, Mr. Levy's policy included a standard New York automobile accident indemnification endorsement that excluded coverage for injury where the insured settles an action against a potentially liable party without the insurer's written consent.

The language provides for arbitration as follows: "If any person making claim hereunder and the company do not agree that such person is legally entitled to recover damages from the owner or operator of an underinsured automobile because of bodily injury to the insured, or do not agree as to the amount of payment which may be owing under this endorsement, then, upon written demand of either, the matter or matters upon which such person and the company do not agree shall be settled in arbitration".

When Mr. Levy made a claim for supplemental insurance and Travelers did not pay, Mr. Levy demanded arbitration.

In December of 1991, Travelers commenced this proceeding with a petition for a permanent stay of arbitration, pursuant to CPLR 7503 (c) on the ground that no arbitrable controversy existed. The supporting affirmation included an assertion that Mr. Levy: "by settling his bodily injury suit in Arizona without the petitioner's consent[,] has violated his contractual

obligation to protect the company's right of subrogation against the tort-feasor".

Further, it was argued that: "by not protecting the subrogation rights of the company against the tort-feasor [Mr. Levy committed acts that] constitute a breach of policy conditions".

Justice Davis rendered a May 21, 1992 short-form order denying the application with leave to renew on a copy of the consent and subrogation endorsements of the policy and on a discussion of a choice of law between New York and Arizona.

On a renewed motion, in addition to providing a copy of the standardized endorsement and arguing the choice of law issue, Travelers argued that Mr. Levy's failure to preserve the subrogation rights of Travelers by seeking written consent to the settlement precluded his underinsured motorist claim, and amounted to breaches of the insurance agreement, so that there should be a permanent stay of arbitration of the claim "based on the consent and subrogation provisions contained in the * * * Endorsement to the policy * * * since these provisions were not considered by the court" on the original motion.

The IAS Court found for Mr. Levy. In a memorandum decision constituting the order of the court, the court first noted that Travelers had not claimed that the arbitration agreement was of limited scope, or that there had been any preliminary requirement or condition precedent to arbitration. The court found that the parties were required to arbitrate the issue of whether or not Mr. Levy had committed a breach of the policy precluding him from indemnification. Further, Justice Davis declined to participate in what he saw as an enlargement of the scope of judicial review under CPLR 7503.

█ Mr. Levy is wrong to argue that Arizona law should prevail. The choice of law analysis leads to application of New York law in this New York insurance case.

Choice of law discussions in tort cases have focused on which jurisdiction has the greater interest in a dispute *(see, e.g., Cooney v Osgood Mach.,* 179 AD2d 240, 242, *affd with opn* 81 NY2d 66 [1993]), but this is not a tort case. It is a dispute over the arbitration provision of a New York insurance agreement. The "grouping of contacts" test applies in contract cases *(see, e.g., Matter of Allstate Ins. Co. [Stolarz—New Jersey Mfrs. Ins. Co.],* 81 NY2d 219, 226).

This Court has made clear why. In *Pessin v Chris-Craft Indus.* (181 AD2d 66, 70 [1st Dept 1992]), Justice Milonas drew

a distinction between cases of conduct regulation and cases of loss allocation. It was held that the former requires the State interest test *(see also, Schultz v Boy Scouts,* 65 NY2d 189, 195). Necessarily, the latter would still be measured according to the grouping of contacts test. As allocation of loss is the essence of the dispute at bar, the instant choice of law question would be best decided under the contacts grouping test, sometimes called "the center of gravity" test *(see, Matter of Allstate Ins. Co. [Stolarz—New Jersey Mfrs. Ins. Co.], supra).*

Here, the essential issue is construction of a policy purchased by a New York resident from a company doing business in New York, with policy language that is mandatory under New York law. All of the contacts essential to the dispute are with this jurisdiction. The contacts with Arizona—location of underlying insured incident, place of contract with underinsuring rental agency, venue of the underlying tort litigation—are no more than collateral to the issue of policy construction. Accordingly, the Court need not be concerned with Mr. Levy's argument that the subrogation rights of Travelers were not prejudiced under Arizona law.

True, even New York law allows that language preserving the claimant's rights to claim against his insurance may be read to preserve the insurer's rights in a subsequent subrogation action. *(See, Matter of State Farm Mut. Ins. Co. v Trapanotto,* 166 AD2d 537, 538.)

All the same, *Trapanotto* involved a claimant who had obtained her insurer's express consent to the settlement with the tortfeasor. As the policy herein required consent *(cf., Matter of Federal Ins. Co. v Stechman,* 192 AD2d 531 [2d Dept 1993]), Mr. Levy's failure to obtain such consent constituted a breach of a condition of his policy *(see, Matter of Continental Ins. Co. v Canni,* 192 AD2d 651 (2d Dept 1993); *State Farm Mut. Auto. Ins. Co. v Taglianetti,* 122 AD2d 40 (2d Dept 1986). Travelers is prejudiced because the general release did not expressly reserve its subrogation rights, creating an ambiguity that would require Travelers to litigate the subrogation issue *(see, Matter of State Farm Mut. Ins. Co. v Lopez,* 163 AD2d 390, 391).

The IAS Court erred in concluding that the consequences of Mr. Levy's failure to obtain the consent of Travelers presented an arbitrable issue. As Travelers notes, it is settled that the subject arbitration clause creates no arbitrable issue other than fault of the underinsured driver in the underlying

tort in the contract language (whether or not "such person is legally entitled to recover damages from the owner or operator of an underinsured automobile because of bodily injury to the insured") and damages ("the amount of payment which may be owing under this endorsement") *(see, Matter of Rosenbaum [American Sur. Co.],* 11 NY2d 310, 314; *Matter of United States Fid. & Guar. Co. v Mitchell,* 168 AD2d 941, 942; *Matter of Hanover Ins. Co. [Squarzini],* 96 AD2d 471). All other issues are for the court, including the scope of the arbitration provision *(see, Matter of Kansas City Fire & Mar. Ins. Co. [Barnes],* 115 AD2d 311), and the satisfaction of conditions precedent to arbitration *(see, Matter of Aetna Cas. & Sur. Co. [Bruton],* 45 NY2d 871, *revg on dissent of Silverman, J.,* 58 AD2d 551, 553).

The Court must then ask whether Mr. Levy's obligation to seek the consent of Travelers to a tort settlement is a condition precedent to arbitration or merely a condition precedent to ultimate recovery. The answer is the former, as seen in *Matter of County of Rockland [Primiano Constr. Co.]* (51 NY2d 1).

In *Primiano,* the Court of Appeals enunciated a three-step analysis; did the parties make a valid agreement to arbitrate, is the subject dispute within the scope of that arbitration agreement, and has there been compliance with all conditions precedent to arbitration (51 NY2d, *supra,* at 8)?

At bar, this Court could well answer the second question in the negative and stop. The Court of Appeals has construed the scope of the instant arbitration agreement narrowly, and the instant question of the insurer's consent to the settlement herein is not one of the two issues identified as arbitrable in *Rosenbaum (supra).*

Regardless, the *Primiano* Court goes on to distinguish conditions precedent to arbitration from stipulated procedural guidelines covering the arbitration itself. If a condition is not the latter, then it is a condition of the arbitration agreement itself, and a party's failure to satisfy the condition disqualifies that party from availing itself of the agreement at all. *(See,* 51 NY2d, *supra,* at 7-8.) That condition becomes one of the "provisions which in point of time are intended to be preliminary to the institution of any arbitration proceeding" *(supra,* at 9).

In *Primiano,* the condition at issue was a certain architect review. As the Court of Appeals later explained, this was not

a condition precedent to arbitration because the architect's obligations were already at an end at the time that the putatively arbitrable dispute arose *(see, Matter of Liebhafsky [Comstruct Assocs.],* 62 NY2d 439, 440-441).

By this test, the subject consent requirement is a condition precedent to arbitration. If that condition has not been satisfied, then Travelers does not owe any duty to Mr. Levy—including a duty to submit to arbitration. The Second Department has viewed the subject consent obligation in this light *(see, Matter of State Farm Mut. Ins. Co. v Donath,* 164 AD2d 889, 890-891, *appeal dismissed* 76 NY2d 1016).

Mr. Levy does not make any attempt to disagree with the analysis of the above case law by Travelers. Rather, echoing the observations of the IAS Court, Mr. Levy claims that Travelers did not raise the issues of condition precedent and limitation of scope before the IAS Court. Mr. Levy is wrong to assert that the issues are waived on appeal.

First, regardless of what the IAS Court may have perceived, Travelers raised the issue of whether or not Mr. Levy committed "a breach of policy conditions". By definition, a condition precedent to coverage is a condition of the policy.

Second, the opposing papers filed on behalf of Mr. Levy show that he never argued that the consent and subrogation issues were for the arbitrator, but pressed only a claim that Travelers had "no right to subrogate the claim against the offending driver [under Arizona law, and therefore] they have not been prejudiced by the prior settlement". Mr. Levy is as much to blame as Travelers for not bringing the issue to the court's attention.

Third, the record shows that, in any event, the Judge was aware of the issues. Why else would he have noted them in his decision? Therefore, even assuming that Travelers can be faulted for not raising the specific issues at bar, this should not preclude appellate review.

While an issue should generally not be first raised on appeal *(see, Murray v City of New York,* 195 AD2d 379, 381), that rule usually applies to fact-based arguments that could have been countered factually had they been made before the IAS Court. *(See, City of New York v Stack,* 178 AD2d 355, *lv denied* 80 NY2d 753.) A pertinent example would be whether or not an act constituting a condition precedent had been performed *(see, e.g., Bailey v Casualty Co.,* 180 App Div 643).

Here, however, the issue is one of pure law—the legal effect

to be given this act of settling without consent, which has admittedly been performed. All the pertinent facts are drawn from Mr. Levy's release and the underinsurance provision in Mr. Levy's Travelers policy. There is no factual dispute about the wording of either.

The IAS Judge obviously knew of this case law. Its applicability at bar cannot be questioned. The IAS Court should not have waited for Travelers to invoke the controlling case law, disregarding that case law when Travelers failed to utter the magic words.

Accordingly, the order of the Supreme Court, New York County (William Davis, J.), entered on or about December 10, 1992, which denied the petition for an order permanently staying arbitration and ordered the parties to resolve their dispute through arbitration under the subject policy, should be reversed, on the law, the petition granted, and arbitration stayed, with costs.

CARRO, J. P., ROSENBERGER and ELLERIN, JJ., concur.

Order, Supreme Court, New York County, entered on or about December 10, 1992, reversed, on the law, with costs, the petition granted, and arbitration stayed.