■ In the Matter of AUTOMOBILE INSURANCE CO. OF HARTFORD, Appellant, v JEROME KLEIN et al., Respondents. [613 NYS2d 663] —In a proceeding pursuant to CPLR article 75 to stay arbitration of an uninsured motorist claim, the petitioner appeals from an order of the Supreme Court, Nassau County (McCaffrey, J.), dated August 25, 1992, which dismissed the proceeding and directed the parties to proceed to arbitration.

Ordered that the order is reversed, on the law, with costs, and the petitioner's application to stay arbitration is granted.

The respondents, Jerome Klein and Sonya Klein, who were passengers in a vehicle owned and operated by Herbert Semel, were injured when the Semel vehicle collided with an uninsured vehicle. The Kleins settled their claim against Semel for $300,000. They then demanded arbitration for uninsured motorist benefits pursuant to their own insurance policy with the petitioner. The Kleins' policy provided uninsured motorist coverage of $10,000 per person, $20,000 per accident.

The petitioner commenced the instant proceeding to stay arbitration with the Kleins, claiming that it was not liable to the Kleins under their policy because the $10,000/20,000 uninsured coverage was offset, and in this case subsumed, by the $300,000 that the Kleins recovered from Semel. Condition 5 of the uninsured motorist endorsement in the petitioner's policy provides that uninsured motorist benefits would be reduced by any sums paid by or on behalf of any "person or persons jointly or severally liable" with the uninsured driver. The Supreme Court dismissed the petition and directed the petitioner and the Kleins to proceed to arbitration, finding that the offset provision was inconsistent with the Insurance Law and that the Kleins were therefore entitled to seek uninsured motorist benefits under the policy, based on the involvement of the uninsured driver. We reverse.

There is nothing inherently objectionable about offsets against the limits of an insurance policy *(see, Matter of Allstate Ins. Co. [Stolarz—N.J. Mfrs. Ins. Co.],* 81 NY2d 219). Indeed, this Court has previously held that the condition 5 offset provision of the uninsured motorist endorsement is enforceable *(see, Matter of Snyder v Nationwide Mut. Ins. Co.,*

106 AD2d 388; *State Farm Mut. Auto Ins. Co. v Basile,* 48 AD2d 868). Since the Kleins have recovered $300,000 from the insured tortfeasor, condition 5 of the uninsured motorist endorsement is enforceable, and the petitioner is not liable to the Kleins for uninsured motorist benefits *(see, Matter of Snyder v Nationwide Mut. Ins. Co., supra; State Farm Mut. Auto Ins. Co. v Basile, supra).* Thompson, J. P., Rosenblatt, Miller and Ritter, JJ., concur.