■ Nationwide Mutual Insurance Company, Appellant-Respondent, v Beatrice Sinclair et al., Respondents-

Appellants. [629 NYS2d 812] —In an action to recover damages for breach of contract, the plaintiff appeals, as limited by its brief, from so much of an order of the Supreme Court, Rockland County (Weiner, J.), dated February 16, 1994, as, in effect, denied its motion for summary judgment and granted the defendants' cross motion for summary judgment dismissing the complaint, and the defendants cross-appeal from so much of the same order as dismissed their counterclaims.

Ordered that the cross-appeal is dismissed for failure to perfect the same in accordance with the rules of this Court (see, 22 NYCRR 670.8 [c], [e]); and it is further,

Ordered that the order is modified by (1) deleting the provision thereof which granted the branch of the defendants' cross motion which was to dismiss the complaint insofar as it is asserted against Beatrice and Frank R. Sinclair and substituting therefor a provision denying that branch of the defendants' cross motion, and (2) deleting the provision thereof which denied the branch of the plaintiff's motion which was for summary judgment against Beatrice and Frank R. Sinclair and substituting therefor a provision granting that branch of the plaintiff's motion; as so modified the order is affirmed insofar as appealed from, with costs to the plaintiff, and the matter is remitted to the Supreme Court, Rockland County, for entry of a judgment in favor of the plaintiff and against the defendants Beatrice and Frank R. Sinclair in the principal sum of $7,000.

The defendant, Beatrice Sinclair, suffered personal injuries as a result of an automobile accident which occurred on March 22, 1988. The automobile Beatrice was in when the accident occurred was owned by her husband Frank R. Sinclair and was insured by Nationwide Mutual Insurance Company (hereinafter Nationwide). The Nationwide insurance policy contained a New York Automobile Accident Indemnification Endorsement. Condition five of the endorsement set forth "limits of liability" and condition eight set forth a "trust agreement". Two other cars were also involved in the accident. One of the vehicles, owned by Liang Taxi, Inc., and operated by Auguste Hughes, was insured, and the other vehicle was uninsured. Thereafter, Nationwide paid the Sinclairs $8,750 in settlement of their uninsured motorist claim, and in return the Sinclairs signed a "Release and Trust Agreement" (similar to the trust agreement set forth in the indemnification endorsement of the insurance policy). The release and trust agreement provided, inter alia, that Nationwide would be subrogated to the rights of the Sinclairs against the remaining tort-feasors, and that Nationwide would be reimbursed for the settlement it paid to

the Sinclairs from any judgment or settlement the Sinclairs obtained against any tort-feasor involved in the accident, whether or not that tort-feasor was the uninsured motorist. After reaching this settlement with Nationwide, however, the Sinclairs settled with Liang Taxi, Inc., for $7,000, without protecting Nationwide's right to subrogation.

Because the Sinclairs "ha[d] no right to settle with the third-party tort-feasor without reserving Nationwide's subrogation rights" *(Matter of Snyder v Nationwide Mut. Ins. Co.,* 106 AD2d 388; *see also, Matter of Automobile Ins. Co. v Klein,* 205 AD2d 685), Nationwide's motion for summary judgment should have been granted as against the Sinclairs in the amount of $7,000. Mangano, P. J., O'Brien, Pizzuto and Florio, JJ., concur.