■ MRF RESOURCES LTD., Plaintiff, v MERCHANTS BANK OF NEW YORK, Defendant and Third-Party Plaintiff-Appellant. GALIT DIAMOND, INC., Third-Party Defendant-Respondent. [636 NYS2d 26] —Judgment, Supreme Court, New York County (Harold Tompkins, J.), entered October 27, 1994, to the extent that it awarded third-party defendant recovery of $531,168 in consequential damages plus costs and disbursements on its

third-party counterclaim, unanimously reversed, on the law, and the counterclaim dismissed, with costs.

On May 20, 1993, defendant bank certified a check purportedly drawn on plaintiff's account, to the order of third-party defendant, in the amount of $58,958. Both customers maintained their accounts at the branch where the certification and deposit of the check were effected. When plaintiff learned of this debit against its account, it protested payment of the check as a forgery. In order to investigate this matter, defendant placed a hold on third-party defendant's account on Friday, June 4, which remained in effect through Tuesday, June 8, all the while failing to notify third-party defendant of this action. Meanwhile, on the previous Tuesday, June 1, third-party defendant had drawn $30,030 on its account and procured from defendant a wire transfer of $30,000 to the former's diamond supplier in Israel. Under normal circumstances, such wire transfers made the funds available to the payee on the next business day. But because of the hold on third-party defendant's account, the wire transfer was not processed until June 8, and the supplier did not receive his funds until June 9. As a result, third-party defendant's credit standing with its primary source of diamonds was impaired, causing the latter to sever the relationship.

On third-party defendant's counterclaim for consequential damages, the trial court awarded $531,168, representing six months worth of calculated loss of profits. Without even reaching the sufficiency of evidence to support such a speculative award, we find error as a matter of law.

The trial court based its award of consequential damages for delayed honor of third-party defendant's wire transfer on UCC 4-402. But this technological innovation in the transfer of funds was never contemplated by the original draftsmen of the Uniform Commercial Code (see, Evra Corp. v Swiss Bank Corp., 673 F2d 951, 955, cert denied 459 US 1017; Delbrueck & Co. v Manufacturers Hanover Trust Co., 609 F2d 1047, 1051). Liability for late execution of a wire transfer of funds is now governed exclusively by article 4-A of the Uniform Commercial Code,* wherein consequential damages are recoverable only "to the extent provided in an express written agreement of the

---

* The 1991 adoption of these "precise and detailed rules" was intended to provide a "clean slate" in treating the relationship among parties to this unique and technologically specialized method of payment; "resort to principles of law or equity outside of Article 4A is not appropriate to create rights, duties and liabilities inconsistent with those stated in this Article." (UCC 4-A-102, comment.)

receiving bank" (UCC 4-A-305 [3]), i.e., of defendant (see, UCC 4-A-103 [1] [d]). The record is devoid of any such written agreement. Accordingly, that portion of the judgment awarding consequential damages on the third-party counterclaim must be reversed.

 . The applicability of article 4-A involves purely a question of law, and thus can be considered on appeal even though not raised in the court below (Matter of Travelers Indem. Co. [Levy], 195 AD2d 35, 41-42). Concur—Murphy, P. J., Rosenberger, Wallach, Asch and Tom, JJ.