■ In the Matter of AMERICAN MANUFACTURERS MUTUAL INSURANCE COMPANY, Appellant, v DIANA LUCENTI et al., Respondents, and ESTATE OF EILEEN OSBORNE, Respondent. [644 NYS2d 294]

The respondent-respondent's decedent, Eileen Osborne, while a passenger in a vehicle owned by John Rak and operated by Angela Rak, was killed when the Rak vehicle collided with an uninsured vehicle. The Rak vehicle was insured by the petitioner, which settled the claim by Osborne's estate (hereinafter the Estate) against its insured for $429,000. After another passenger in the Rak vehicle demanded arbitration for uninsured motorist benefits under the Raks' policy, the petitioner commenced the present proceeding to stay arbitration. It also sought to add, among others, the Estate as a respondent. Thereafter, the Estate also served the petitioner with a demand for arbitration for uninsured motorist benefits. The Supreme Court granted the petitioner's application to add the Estate as a respondent, and pending a hearing on the merits of the petition, stayed the parties from proceeding to arbitration.

With respect to the merits of its petition, the petitioner argued that the offset provision contained in the uninsured motorist endorsement of the Raks' policy precluded the Estate from proceeding to arbitration because the amount of the settlement exceeded the amount of the Raks' uninsured motorist coverage. The Supreme Court denied the petition and directed the parties to proceed to arbitration, finding the offset provision in the policy was void as in conflict with Insurance Law § 3420 (f). We reverse.

We reject the Estate's contention that this Court lacks subject matter jurisdiction to hear and determine this appeal. The Estate was made a respondent to this proceeding and the Supreme Court stayed the parties from proceeding to arbitration. Under these facts, there was no need for the petitioner to commence a separate proceeding pursuant to CPLR article 75 to stay arbitration with the Estate.

In light of the Court of Appeals' statement that "[t]here is nothing inherently objectionable about offsets against the limits of an insurance policy" *(Matter of Allstate Ins. Co. [Stolarz—New Jersey Mfrs. Ins. Co.],* 81 NY2d 219, 224), the Supreme Court's reasoning for dismissing the instant petition was incorrect. Moreover, the offset provision of the uninsured motorist endorsement contained in the Raks' policy is enforceable *(see, Matter of Automobile Ins. Co. v Klein,* 205 AD2d 685). Because the amount of the Estate's settlement with the petitioner exceeded the amount of the uninsured motorist benefits payable under the Raks' policy, the petitioner is not liable to the Estate for uninsured motorist benefits *(see, Matter of Automobile Ins. Co. v Klein, supra,* at 686). Mangano, P. J., Thompson, Florio and McGinity, JJ., concur.