■ In the Matter of LIBERTY MUTUAL INSURANCE COMPANY, Appellant, v JOSEPH STALTARE, Respondent. [654 NYS2d 154] —In a proceeding pursuant to CPLR article 75 to permanently stay arbitration of an uninsured/underinsured motorist claim, the petitioner appeals, as limited by its brief, from so much of an order of the Supreme Court, Nassau County (McCarty, J.), entered December 8, 1995, as upon reargument, adhered to its original determination denying the petition and dismissing the proceeding.

Ordered that the order is reversed insofar appealed from, on the law, with costs, the petition is granted, and the arbitration is stayed.

The respondent was involved in a motor vehicle accident with Jose Ramirez. At the time the respondent was insured by a policy issued by the petitioner Liberty Mutual Insurance Company (hereinafter Liberty Mutual), which contained supplementary uninsured motorist coverage of $10,000 per person. The respondent eventually settled with Ramirez's insurer for the limit of its policy of $10,000. The respondent thereafter demanded uninsured/underinsured benefits under the Liberty Mutual policy. Liberty Mutual denied coverage and the respondent demanded arbitration.

In this proceeding to stay the arbitration, Liberty Mutual argues that the offset provision contained in its policy precludes arbitration because the amount of the respondent's settlement with Ramirez equaled the amount of the policy's supplementary uninsured motorist coverage. The offset provision specifically provides that supplementary uninsured motorist payments to the respondent would be offset by payments, "from or on behalf of all persons that may be legally liable for the bodily injury sustained by the insured". In dismissing the proceeding, the court found that Liberty Mutual was equitably estopped from asserting the offset provision because it approved of the respondent's settlement with Ramirez's insurer and remained silent as to the offset provision. We reverse.

There is nothing inherently improper about offsets against the limits of an insurance policy, and offset provisions such as that involved here have been found to be enforceable (*see, Matter of Nationwide Ins. Co. v Ohrablo*, 236 AD2d 541 [decided herewith]; *Matter of Allstate Ins. Co. [Stolarz—N. J. Mfrs. Ins. Co.]*, 81 NY2d 219; *Matter of American Mfrs. Mut. Ins. Co. v Lucenti*, 228 AD2d 495; *Matter of Automobile Ins. Co. v Klein*, 205 AD2d 685). Bracken, J. P., Copertino, Joy, Florio and McGinity, JJ., concur.