■ In the Matter of NATIONWIDE INSURANCE COMPANY, Respondent, v KATRZYNA SOBIESIUK, Appellant. [691 NYS2d 925] —In a proceeding, *inter alia,* pursuant to CPLR article 75 to permanently stay arbitration of an underinsured motorist claim, the appeal is from an order of the Supreme Court, Nassau County (Segal, J.), dated July 1, 1998, which granted the petition and permanently stayed arbitration.

Ordered that the order is reversed, on the law, with costs, the petition is denied, and the parties are directed to proceed to arbitration.

We agree with the appellant that there is no material distinction between the facts presented in the present case and those presented in *Matter of Federal Ins. Co. v Stechman* (192 AD2d 531). In *Matter of Federal Ins. Co. v Stechman* (*supra*) this Court construed the terms of an insurance policy which contained a provision similar to the one now under review, obligating the insured to promptly forward to the insurer copies of legal papers served in connection with any action brought by the insured against the owner or driver of the offending vehicle. The term "legal papers", as used in the provision at issue in *Stechman* was determined to be ambiguous, and compliance with it was not a condition precedent to underinsured motorist coverage. The insured's failure to comply with the provision in

*Stechman* did not, under the circumstances presented, result in a forfeiture of the right to underinsurance benefits (*see also, Matter of Snyder v Nationwide Mut. Ins. Co.,* 106 AD2d 388; *cf., Brown v MVAIC,* 33 AD2d 804). We see nothing in the circumstances of the instant case which would remove it from the scope of the holding in *Matter of Federal Ins. Co. v Stechman* (*supra*). Bracken, J. P., Thompson, Goldstein, McGinity and Schmidt, JJ., concur.