■ In the Matter of INTERBORO MUTUAL INDEMNITY INSURANCE COMPANY, Appellant, v MARIE N. NOEL, Respondent. [697 NYS2d 303] —In a proceeding to stay arbitration of an uninsured motorist claim, the petitioner appeals from an order of the Supreme Court, Nassau County (Alpert, J.), dated November 23, 1998, which granted the petition only to the extent of staying arbitration pending a hearing to determine whether the motor vehicle which allegedly caused the accident was insured on the date of the accident.

Ordered that the order is affirmed, with costs.

The petitioner insurance carrier sought a stay of arbitration on the ground, *inter alia,* that the respondent had not given it timely notice of her uninsured motorist claim. However, the petitioner failed to establish that it was entitled to a stay on this ground (*see generally, Matter of New York Cent. Mut. Fire Ins. Co. v Marchesi,* 238 AD2d 135).

In addition, there was no basis for a stay of arbitration on the ground that the respondent failed to give the petitioner notice of a lawsuit arising out of the accident giving rise to the uninsured motorist claim, because the language of the policy did not clearly designate giving notice of a lawsuit as a condition precedent to arbitration (*see, Matter of Federal Ins. Co. v Stechman,* 192 AD2d 531).

Finally, the record indicates that the petitioner had ample opportunity to seek discovery from the respondent under the policy, but unjustifiably failed to do so within a reasonable period of time. Thus, there is no basis for a temporary stay of arbitration for the petitioner to conduct discovery (*see, Matter of Liberty Mut. Ins. Co. v DeCaro,* 244 AD2d 487; *Matter of Allstate Ins. Co. v Urena,* 208 AD2d 623). Mangano, P. J., Ritter, Joy, McGinity and Smith, JJ., concur.