■ INTERBORO MUTUAL INDEMNITY INSURANCE COMPANY, Respondent, v NELS LINDSTRAND et al., Appellants. [734 NYS2d 634] —In an action to recover damages for breach of contract, the defendants appeal from an order of the Supreme Court, Nassau County (Phelan, J.), dated December 20, 2000, which granted the plaintiff's motion for summary judgment and directed them to repay the principal sum of $20,000 to the plaintiff.

Ordered that the order is affirmed, with costs.

The defendants Nels Lindstrand and Janet Lindstrand suffered personal injuries as a result of an automobile accident which occurred on February 13, 1994. Thereafter, in connection with that accident, the Lindstrands made a claim for uninsured motorist benefits with the plaintiff insurance company. They subsequently settled with the plaintiff for the sum of $20,000. As part of the settlement, the Lindstrands each individually executed a "release and trust agreement" (hereinafter the agreements) by which they each agreed to hold in trust for the benefit of the plaintiff all rights of recovery and to assign the plaintiff the proceeds of any settlement or judgment, and that no settlement would be made and no release would be given, and that no claim would be prosecuted to judgment, without the written consent of the plaintiff.

After executing the agreements, the Lindstrands settled their claim with the insurance carrier for the offending vehicle of the third-party tortfeasor in the amount of $90,000 (hereinafter the settlement) and executed a general release thereby releasing the insured and insurer from any and all liability with respect to the accident. When the plaintiff learned of the settlement it sued the Lindstrands and their attorney, Morton Povman, a named payee on the $20,000 settlement check, to recover the $20,000 it had paid to them.

Under the terms of the agreements, the Lindstrands had no right to enter into the settlement with the insurer for the third-party tortfeasor without reserving the plaintiff's subrogation rights. Accordingly, the plaintiff's motion for summary judgment on its complaint was properly granted (see, Nationwide Mut. Ins. Co. v Sinclair, 217 AD2d 686).

The defendants' remaining contentions are without merit. Florio, J. P., McGinity, Luciano and Schmidt, JJ., concur.