■ In the Matter of CITY OF NEW YORK, Respondent, Relative to Acquiring Title to Real Property Bounded by Smith Street and Other Streets in the Borough of Brooklyn. 7 HORIZON CORP., Appellant.—In a condemnation proceeding, claimant 7 Horizon Corp. appeals, on the grounds of inadequacy, from so much of the first separate and partial final decree of the Supreme Court, Kings County, entered July 13, 1977, as awarded it the sum of $1,463,000 for the subject property. First separate and partial final decree affirmed insofar as appealed from, with costs. The decree, insofar as appealed from, was fully supported and justified by the evidence presented and by the applicable principle of valuation (see *Levin v State of New York,* 13 NY2d 87; *Arlen of Nanuet v State of New York,* 26 NY2d 346). Special Term properly rejected appellant's claim of *de facto* condemnation (see *City of Buffalo v Clement Co.,* 28 NY2d 241). Titone, J. P., Mangano, Rabin and Martuscello, JJ., concur.

■ In the Matter of CNA INSURANCE COMPANY, Appellant, v MURRAY GLASS, Respondent, and ALLSTATE INSURANCE COMPANY, Respondent.—In a proceeding to stay arbitration, petitioner appeals from an order of the Supreme Court, Queens County, entered July 20, 1979, which, *inter alia,* denied the application. Order affirmed, with $50 costs and disbursements. Petitioner concedes that it failed to move to stay the arbitration within the 20-day period prescribed by CPLR 7503 (subd [c]). We do not agree that petitioner was deprived of a fair opportunity to timely respond to the notice of intention to arbitrate. Petitioner complains that respondent Glass served the notice of intention to arbitrate on its Manhattan office after dealing with its Queens office. The notice was not forwarded to the Queens office for some five weeks thereafter. This case is readily distinguishable from *Matter of Empire Mut. Ins. Co. (Levy)* (35 AD2d 916). It is undisputed that Glass notified petitioner's Manhattan office by letter about a week after the subject accident that he intended to make a claim under the uninsured motorist provision of his policy. Moreover, a second letter sent by Glass on the same date to the same office requesting no-fault benefit forms was forwarded to petitioner's Queens office in seven days or less. Titone, J. P., Gibbons, Gulotta and Martuscello, JJ., concur.

■ In the Matter of SHIRLEY M. DAVIS et al., Appellants, v WESTCHESTER COUNTY PERSONNEL OFFICE et al., Respondents.—In a proceeding pursuant to CPLR article 78, *inter alia,* to review the respondents' denial of permission to petitioners to participate in a civil service promotional examination, petitioners appeal from a judgment of the Supreme Court, Westchester County, dated January 3, 1979, which dismissed their petition. Judgment affirmed, with $50 costs and disbursements. Special Term was correct in dismissing the petition. It was served on or about October 27, 1978, more than four months after petitioners received notice, by a letter from respondents dated June 5, 1978, that their conditional admission to the competitive examination was disapproved. As respondents' answer alleges, failure to commence this proceeding within four months of the notice rendered it untimely under CPLR 217 and clearly required a dismissal of the petition (see *Matter of Meliti v Nyquist,* 41 NY2d 183). Accordingly, it becomes unnecessary to reach petitioners' other contentions. Damiani, J. P., Mangano, O'Connor and Weinstein, JJ., concur.