■ In the Matter of ALLSTATE INSURANCE COMPANY, Appellant, v EMILY BARBERA et al., Respondents.—In a proceeding to stay arbitration, the petitioner appeals from a judgment of the Supreme Court, Queens County (Hyman, J.), entered February 7, 1985, which dismissed the petition and directed the parties to proceed to arbitration.

Judgment affirmed, with costs.

On or about September 6, 1976, the respondents were injured in an automobile accident in Nassau County which involved an allegedly uninsured vehicle. The car in which the respondents were riding was insured by the petitioner under a policy which provided coverage for accidents involving uninsured vehicles. A demand for arbitration was mailed by the respondents' attorney on April 11, 1983 to the petitioner's regional office in Suffolk County and was received on April 12, 1983. Printed clearly on the first page of the demand was the address of the office of the appellant responsible for handling

respondents' claim, which was in Woodbury, New York, a community in Nassau County. The demand was, in fact, forwarded to the Woodbury office but, for some reason, on the back of the envelope containing the demand was stamped "RECEIVED, April 14, 1983, BROOKHAVEN DCO". Relying upon this date, the Woodbury office waited until May 3, 1983 to serve their petition to stay arbitration, one day after the 20-day Statute of Limitations of CPLR 7503 (c) had expired.

Under these circumstances, it cannot be said that the petitioner was deprived of a fair opportunity to respond to the demand for arbitration in timely fashion (see, Matter of CNA Ins. Co. v Glass, 75 AD2d 600). To the contrary, the reason for petitioner's tardiness was the neglect of its own employees in stamping an incorrect date of receipt on the envelope containing the demand and subsequently relying upon that date (cf. Matter of Metropolitan Prop. & Liab. Ins. Co. v Boisette, 105 AD2d 785). Accordingly, the petitioner's application to stay arbitration was properly dismissed. Gibbons, J. P., Thompson, Brown and Weinstein, JJ., concur.