■ STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Respondent, v VICTOR TAGLIANETTI, Appellant.—In a proceeding pursuant to CPLR 7503 to stay the arbitration of an underinsured motorist claim, the appeal is from a judgment of the Supreme Court, Queens County (Hyman, J.), dated January 18, 1985, which granted the application due to the appellant's failure to preserve the petitioner's subrogation rights in settling with third parties.

Judgment affirmed, with costs.

The appellant failed to obtain written consent from the petitioner, as required by the policy as a condition to underinsured motorist coverage, before settling with the parties who may have been liable for his injury. In making such a settlement on record and before a judge, the appellant stipulated to discontinue his action against the City of New York and the

joint tort-feasor Edward Quinn "with prejudice", and in so doing, he failed to preserve the petitioner's right of subrogation against the city and Quinn. Thus, the appellant's failure to comply with the written consent provision of the policy prejudiced the petitioner and precludes the appellant from asserting his underinsured motorist claim *(see, Weinberg v Transamerica Ins. Co.,* 62 NY2d 379; *Tucker v Seward,* 400 So 2d 505 [Fla App]). Thompson, J. P., Rubin, Eiber and Spatt, JJ., concur.