■ In the Matter of STATE FARM MUTUAL INSURANCE COMPANY, Respondent, v BELLE PARKER, Appellant.—In a proceeding pursuant to CPLR 7503 to stay arbitration of a claim for underinsured motorist benefits, Belle Parker appeals from an order of the Supreme Court, Nassau County (Collins, J.), dated December 5, 1988, which granted the application.

Ordered that the order is affirmed, with costs.

The appellant failed to obtain the insurer's written consent prior to compromising her claim against the motorist who allegedly caused her injuries, in contravention of the policy provisions governing underinsured motorist claims. Accordingly, the court properly granted the insurer's application for a permanent stay of the appellant's demand for arbitration concerning the insurer's denial of underinsured motorist benefits. Notably, the relevant policy provision states that underinsured motorist coverage will not apply where an insured "without [the insurer's] written consent, settles with any person or organization who may be liable" to the insured.

The record reveals that the appellant agreed with the offending motorist that her claim would be submitted to binding arbitration and that his exposure would be limited to no more than his $10,000 policy limit, irrespective of what sum the arbitrator ultimately awarded. Further, it was agreed that any litigation pending would be "dismissed with prejudice" and that the arbitrator's award would be final and binding with no "right of rehearing or appeal to any forum or

court". Under the circumstances, where the appellant compromised, with prejudice, her claim against the offending motorist without obtaining the insurer's written consent or preserving its right of subrogation, the court properly stayed arbitration (see, *Weinberg v Transamerica Ins. Co.,* 62 NY2d 379; *State Farm Mut. Auto. Ins. Co. v Taglianetti,* 122 AD2d 40, 41). Kunzeman, J. P., Kooper, Sullivan and Harwood, JJ., concur.