■ In the Matter of State Farm Mutual Insurance Com-

PANY, Appellant, v LUIS LOPEZ, Respondent.—In a proceeding pursuant to CPLR article 75 to stay the arbitration of a claim for underinsured motorist benefits, the petitioner appeals from an order of the Supreme Court, Nassau County (Molloy, J.), dated March 28, 1989, which denied the application.

Ordered that the order is reversed, on the law, with costs, the application for a permanent stay of arbitration is granted, and the matter is remitted to the Supreme Court, Nassau County, for the entry of an appropriate judgment.

Pursuant to the terms of the underinsured motorist endorsement contained in the relevant insurance policy, no bodily injury coverage would be furnished to "any insured who, without [the petitioner's] written consent, settles with any person * * * who may be liable for the bodily injury". It is conceded that respondent Luis Lopez did not obtain the written permission of the petitioner before he settled with a tort-feasor who was liable to him for certain bodily injuries.

The release given by respondent Luis Lopez to this tort-feasor included a provision stating that "this release does not include * * * any underinsured motorist claim relating to the personal insurance policy of Luis Lopez". It is not clear whether this language was intended by the parties to the release to preserve Lopez's right to make an underinsured motorist claim against the petitioner, or rather to preserve the petitioner's right to bring a subrogation action against the tort-feasor. The ambiguity in the foregoing language gives rise to an issue of fact, resolution of which would require a hearing as to the exact meaning of the release *(see, e.g., Clifton Steel Corp. v County of Monroe Pub. Works Dept.,* 120 AD2d 924; *Dury v Dunadee,* 52 AD2d 206, 208-209).

Under these circumstances, the respondent Lopez's failure to obtain the petitioner's written consent before issuing the subject release must be considered prejudicial, since the petitioner would have to litigate the scope of the release in any subrogation action brought against the tort-feasor. Since it cannot be said, as a matter of law, that the terms of the release in question protected the petitioner's subrogation rights, the respondent may not be excused from his failure to obtain the petitioner's written consent prior to issuing that release *(see, State Farm Mut. Auto. Ins. Co. v Taglianetti,* 122 AD2d 40). Therefore, petitioner's application for a permanent stay of arbitration of the respondent's claim for underinsured motorist benefits is granted. Mangano, P. J., Bracken, Rubin and Rosenblatt, JJ., concur.