■ In the Matter of STATE FARM MUTUAL INSURANCE COMPANY, Appellant, v VICTORIA C. TRAPANOTTO, Respondent.—In a proceeding to stay the arbitration of a claim for underinsured motorist benefits, the petitioner State Farm Mutual Insurance Company appeals from an order of the Supreme Court, Suffolk County (Underwood, J.), dated May 22, 1989, which denied the application.

Ordered that the order is affirmed, with costs.

The respondent Victoria C. Trapanotto was injured in an automobile accident which occurred on July 5, 1986. She subsequently settled her claim against the owner of the adverse vehicle, Richard C. Schultz. The release issued to Mr. Schultz specifically reserved Ms. Trapanotto's right to "pursue a pending claim with State Farm Insurance companies *[sic]* for additional damages pursuant to an underinsured motorist

endorsement". In December 1988, Ms. Trapanotto demanded arbitration of her underinsured motorist claim against the appellant State Farm Mutual Insurance Company (hereinafter State Farm). This appeal follows the Supreme Court's denial of State Farm's application for a permanent stay of that arbitration.

We note that Ms. Trapanotto did obtain State Farm's written consent to her settlement with Mr. Schultz. There is thus no merit to the argument that coverage was forfeited pursuant to the exclusionary clause contained in the subject insurance policy which requires written consent (cf., *Matter of State Farm Mut. Ins. Co. v Lopez,* 163 AD2d 390; *Matter of State Farm Mut. Ins. Co. v Parker,* 160 AD2d 882; *State Farm Mut. Auto. Ins. Co. v Taglianetti,* 122 AD2d 40).

Second, we reject the argument that Ms. Trapanotto violated whatever obligation she may have had to preserve State Farm's right to sue Mr. Schultz in a potential subrogation action. The Court of Appeals has held that a release issued in favor of a third-party tort-feasor which specifically reserves the insured's right to pursue a claim against his insurer generally encompasses a reservation of the insurer's right to pursue a claim against the third-party tort-feasor in a subsequent subrogation action (*Connecticut Fire Ins. Co. v Erie Ry. Co.,* 73 NY 399; *see also, Record v Royal Globe Ins. Co.,* 83 AD2d 154; 71 NY Jur 2d, Insurance, § 1918, at 383). Our decision in the *Lopez* case *(supra)* is not inconsistent with this principle, since the stay of arbitration in that case was granted upon the basis of the insured's failure to obtain the insurer's consent prior to entering into the settlement. Bracken, J. P., Eiber, Balletta and Rosenblatt, JJ., concur.