OPINION OF THE COURT
David Goldstein, J.
ISSUE
May a claim be filed on behalf of an infant under a supplementary uninsured motorist insurance endorsement (SUMI or underinsurance clause), where the underlying limits of liability insurance have been exhausted through settlement of the personal injury action, with the consent of the underinsurer, albeit the settlement has not been judicially approved and no “payment” has been made, as required by Insurance Law § 3420 (f) (2)? As far as appears, the question is one of first impression.
FACTS
This is an ex parte application, pursuant to CPLR 1207 and 1208, for judicial approval of a proposed settlement of an infant’s personal injury claim. The infant plaintiff was a passenger on a moped, owned and operated by defendants Italiano, and was seriously injured in an accident which occurred September 8, 1989, at Horace Harding Expressway and Francis Lewis Boulevard. It is claimed that the moped was struck by a 1985 Chevrolet, owned and operated by defendant Fernandez.
As a result, plaintiff sustained, inter alla, a compound fracture of the left leg, which required a closed reduction surgical procedure and five days of hospitalization. After discharge from the hospital and removal of the cast, the left *27 calf was found to be ulcerated and necrotic, requiring skin grafts, which were performed in October 1989, at LaGuardia Hospital. There was follow-up treatment at the HIP Center, the latest in February 1990.
After commencement of the action, Fernandez’ insurer, State Farm Insurance Company, offered its policy, in the sum of $10,000, in full settlement of the action as against Fernandez. The moped has no available insurance coverage. This application is made for judicial approval of the settlement with Fernandez so as to enable the infant plaintiff to thereafter file a claim under the supplementary uninsured motorist endorsement of his father’s liability policy with GEICO, which provides underinsurance coverage in the sum of $100,000.
infant’s compromise-supporting papers
Although the application is supported by the consent of the underinsurer, GEICO, and counsel’s statement that the only available insurance coverage is the $10,000 State Farm policy, the attorney was advised that the submission was inadequate in other necessary respects. There is no affidavit by one with requisite knowledge that the $10,000 State Farm policy is the only available insurance, nor as to the existence of any excess or other insurance. Nor was there a proper or sufficient credit check of the defendants’ assets. While the 1989 hospital records and bills have been submitted, there is no recent medical affidavit or report as to the infant’s injury, condition and prognosis, in relation to the amount of the settlement, as is required by CPLR 1208 (c). Contrary to counsel’s claim, only by recent medicals can the court properly assess the severity of the injuries in relation to the proposed settlement, consistent with the court’s obligation and duty to such infants who sustain personal injuries. Although the attorney claims that additional expense should not be incurred, the injury here appears far more serious than the proposed settlement. Further, plaintiff was treated at a HIP Center, which would not entail any additional expenditure.
Any further submission should also include a properly prepared proposed order, which permits the court to determine the amount of the fee based upon the services rendered, without counsel’s inserting therein the sum he believes he should receive. That determination is for the court and is not controlled by the retainer entered into with the parent or guardian.
*28 SUPPLEMENTARY UNINSURED MOTORIST INSURANCE
More importantly, the application presents a novel issue as to the conditions precedent necessary to a request for arbitration under the supplementary uninsured motorist endorsement. It is claimed that judicial approval of the settlement must occur before any claim may be made under the underinsurance endorsement of the father’s policy, in view of the requirement in Insurance Law § 3420 (f) (2), that "the limits of liability of all bodily injury liability bonds or insurance policies applicable at the time of the accident shall be exhausted by payment of judgments or settlements.” (Emphasis added.) Thus, it is claimed that the infant is placed by the statute in an untenable catch-22 position, whereby, on the one hand, if medical proof is submitted as to the child’s recovery, sufficient to sustain the settlement in terms of amount, this will adversely affect the value of any subsequent arbitration with the underinsurer. On the other hand, it is contended that no arbitration may be instituted under the SUMI coverage until the underlying settlement is approved and payment is made.
Insurance Law § 3420 (f) (2) requires all automobile liability policies to provide, at the option of the insured, supplementary uninsured motorist coverage, which will cover the insured if the limits of liability insurance of the other motor vehicle, responsible for the accident, are less than the liability limits of the insured’s own vehicle (see, Maurizzio v Lumbermens Mut. Cas. Co., 73 NY2d 951; Matter of Metropolitan Prop. & Liab. Ins. Co. v Villarrubia, 119 AD2d 576; Garry v Worldwide Underwriters Ins. Co., 120 Misc 2d 91, affd 101 AD2d 717).
Plainly, this is the situation in this case. However, it is contended that arbitration under the SUMI endorsement cannot proceed until all underlying insurance has been paid. Insurance Law § 3420 (f) (2) provides in part: "As a condition precedent to the obligation of the insurer to pay under the supplementary uninsured motorists insurance coverage, the limits of liability of all bodily injury liability bonds or insurance policies applicable at the time of the accident shall be exhausted by payment of judgments or settlements.”
In order to give effect to the underlying statutory purpose, automobile liability policies must provide, in their SUMÍ coverage, that, as a condition precedent to arbitration, the underinsurer must consent to the settlement with the tortfeasor and his insurer. In the absence of such consent, the *29 subrogation rights of the underinsurer would be adversely affected by the settlement, so as to preclude any right to then proceed under the SUMI clause. Upon this basis, it has been held that the failure to obtain the written consent of the underinsurer, prior to any settlement or compromise of a claim, will operate as a bar to obtaining benefits under the underinsured motorist provision (see, State Farm Mut. Ins. Co. v Donath, 164 AD2d 889; Matter of State Farm Mut. Ins. Co. v Parker, 160 AD2d 882; State Farm Mut. Auto. Ins. Co. v Taglianetti, 122 AD2d 40; State Farm Mut. Auto. Ins. Co. v Isler, 38 AD2d 966; cf., Weinberg v Transamerica Ins. Co., 62 NY2d 379).
No case has been cited or found which holds, as counsel asserts here, that there must be actual payment in advance of institution of any claim under the underinsurance clause. Notwithstanding the language in the statute (Insurance Law § 3420 [¶] [2]) and the policy, which tracks the statute, in my view, the legislative purpose does not mandate imposition of such a precondition. The critical criteria is the consent of the underinsurer, which has been given here. Clearly, this gives effect to the statutory aim to safeguard the underinsurer’s right of subrogation, which would otherwise be defeated.
Upon that basis, this court concludes that where, as here, the underinsurer has consented to the settlement of the underlying negligence action for the full amount of available liability insurance, the consent is sufficient to support a demand for arbitration under the SUMI endorsement. This is so, notwithstanding that actual payment of the underlying claim has not been made.
Such a determination is consistent with applicable Insurance Department regulations, promulgated to enforce and give effect to the statutory intent expressed in Insurance Law § 3420 (f) (2). Thus, proposed Regulation No. 35-D (11 NYCRR 60-1), currently under consideration by the State Insurance Department, prescribes a mandatory supplementary uninsured motorist endorsement, and provides in paragraph (8) as follows:
"In accidents involving the insured and one or more negligent parties, if such insured settles with all such parties for the aggregate limits of the liability coverage of such parties, release may be executed with such parties after thirty calendar days actual written notice to us, unless within this time period we agree to advance such settlement amounts to the *30 insured in return for the cooperation of the insured in our lawsuit on behalf of the insured.
"We shall have a right to the proceeds of any such lawsuit equal to the amount advanced to the insured and any additional amounts paid under this SUM coverage. Any excess above those amounts shall be paid to the insured.
"The insured shall not otherwise settle with any negligent party that impairs our rights without our written consent.”
The proposed regulation requires, prior to resort to SUMI coverage, the written consent of the underinsurer to the proposed settlement, not actual payment. This sufficiently satisfies the underlying purpose of the statute and the policy at issue here. While payment may and does occur in some cases, what is critical in terms of the rights and obligations of the parties is the insurer’s consent to the tender of the full policy.
Moreover, although, on its face, both the statute and the policy require that available insurance be "exhausted by payment of judgments or settlements,” the provision, by its very terms, conditions the obligation to "pay” and does not facially preclude the filing of a demand for arbitration. In any event, even assuming that the clause does operate to condition the right to demand arbitration, it may be waived. Undisputed is that the underinsurer has consented to the settlement in this case. Included in the submission here is the September 7, 1990 letter from GEICO, which states "we have agreed to allow the tendering of the State Farm Insurance Company’s policy, in order to continue to pursue the uninsured motorist claim.” (Emphasis added.) Clearly, this evinces an intention by the underinsurer to proceed on the merits with arbitration on the SUMI claim. Inasmuch as there has been a tender of the underlying limits of all available liability insurance, the consent by the underinsurer operates to render the SUMI issue ripe for disposition by the arbitrators. No useful or valid purpose is served by delaying that submission until actual payment of available liability insurance.
Accordingly, on this record, this court declines to approve the proposed settlement. Counsel, if so advised, may proceed in proper fashion by appropriate submission, in accordance with this decision, before or after arbitration of the underinsurance claim.