■ TRAVIS MORRISON, an Infant, by His Father and Natural Guardian, RICHARD MORRISON, et al., Appellants, v WORLDWIDE INSURANCE GROUP, Respondent. [622 NYS2d 120] —In an action for a judgment declaring, *inter alia*, that the provision in the defendant's insurance policy providing underinsurance coverage of $11,000 is "null and void" because it is not equal in amount to the amount of liability coverage provided by the policy, the plaintiffs appeal from an order of the Supreme Court, Nassau County (Yachnin, J.), dated July 7, 1993, which granted the defendant's motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs, and the matter is remitted to the Supreme Court, Nassau County, for the entry of a judgment declaring that the provision in the defendant's insurance policy providing underinsurance cover-

age of $11,000 is not "null and void" *(see, Lanza v Wagner,* 11 NY2d 317, 334, *appeal dismissed* 371 US 74, *cert denied* 371 US 901).

The plaintiff Travis Morrison was injured in an automobile accident. The plaintiffs commenced an action against the alleged tortfeasor, and eventually settled the action without having obtained written consent from the defendant, the insurer of the automobile owned by the plaintiff Richard Morrison. The policy, however, required the defendant's written consent as a condition precedent to underinsurance coverage. In making such a settlement, the plaintiffs failed to preserve the defendant's right of subrogation against the alleged tortfeasor. Thus, the plaintiffs' failure to comply with the written consent provision prejudiced the defendant and precludes the plaintiffs from asserting an underinsured motorist claim *(see, Weinberg v Transamerica Ins. Co.,* 62 NY2d 379; *Matter of State Farm Mut. Ins. Co. v Donath,* 164 AD2d 889; *State Farm Mut. Auto. Ins. Co. v Taglianetti,* 122 AD2d 40). The plaintiffs' claim that the provision in the defendant's insurance policy providing underinsurance coverage of $11,000 is "null and void", contrary to public policy, and did not conform to Insurance Law § 3420 (f) (2), is without merit. Sullivan, J. P., Miller, Copertino, Joy and Friedmann, JJ., concur.