■ In the Matter of INTEGON INSURANCE COMPANY, Appellant, v JOHN BATTAGLIA et al., Respondents. [739 NYS2d 590] —In a proceeding pursuant to CPLR article 75 to permanently stay arbitration of two claims for underinsured motorist benefits, the petitioner appeals from an order of the Supreme Court, Westchester County (Donovan, J.), entered February 16, 2001, which granted the petition only to the extent of directing a hearing to determine whether it was properly notified of the respondents' intentions to settle their respective underlying negligence actions with the tortfeasor.

Ordered that on the Court's own motion, the notice of appeal is treated as an application for leave to appeal, and leave to appeal is granted (*see,* CPLR 5701 [c]); and it is further,

Ordered that the order is reversed, on the law, the petition is granted in its entirety, and the arbitration is permanently stayed; and it is further,

Ordered that the appellant is awarded one bill of costs.

The petition to permanently stay arbitration should have been granted in its entirety. It is undisputed that the respondents, the insureds, failed to obtain written consent from the petitioner insurance carrier before settling their respective underlying negligence actions with the tortfeasor, and that such consent was required by the underinsured motorist coverage provision of the petitioner's insurance policy. Furthermore, in executing releases in favor of the tortfeasor, the respondents failed to preserve the petitioner's subrogation rights. Thus, the

respondents are precluded from asserting their claims for benefits under the underinsured motorist provision of the policy (*see, Friedman v Allstate Ins. Co.,* 268 AD2d 558; *Matter of Glens Falls Ins. Co. v Smith,* 221 AD2d 529; *Matter of State Farm & Cas. Co. v Zyburo,* 215 AD2d 566).

In light of our determination, the petitioner's remaining contention is academic. Santucci, J.P., Altman, Florio and Feuerstein, JJ., concur.