■ In the Matter of STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Respondent, v LISA M. LUCANO, Appellant. [783 NYS2d 618]—

In a proceeding pursuant to CPLR article 75 to permanently stay arbitration of a claim for supplementary underinsured motorist benefits, the appeal is from an order of the Supreme Court, Suffolk County (Jones, J.), dated December 22, 2003, which granted the petition and permanently stayed arbitration.

Ordered that the order is affirmed, with costs.

The appellant failed to obtain the petitioner's written consent prior to settlement of the underlying negligence action and execution of a release which failed to preserve the petitioner's subrogation rights (*see Matter of Integon Ins. Co. v Battaglia*, 292 AD2d 527 [2002]; *Friedman v Allstate Ins. Co.*, 268 AD2d 558 [2000]; *Weinberg v Transamerica Ins. Co.*, 62 NY2d 379 [1984]; *cf. Matter of American Home Assur. Co. v Williams*, 282 AD2d 674 [2001]). Thus, the Supreme Court correctly determined that the appellant was precluded from asserting a claim for benefits under the supplementary underinsured motorist provision of the petitioner's insurance policy.

Contrary to the appellant's contention, her belated verification that no excess insurance was available did not obviate the prejudice to the petitioner's subrogation rights since the tortfeasors were not judgment proof (*see Matter of New York Cent. Mut. Fire Ins. Co. v Danaher*, 290 AD2d 783, 785 [2002]; *Matter of Allstate Ins. Co. [Brown]*, 288 AD2d 955 [2001]). Prudenti, P.J., Krausman, Adams and Spolzino, JJ., concur.