■ In the Matter of PRUDENTIAL PROPERTY & CASUALTY INSURANCE COMPANY, Appellant, v DAVID W. AMBEAU et al., Respondents. [796 NYS2d 294]—

Appeal from an order of the Supreme Court, Wayne County (Dennis M. Kehoe, A.J.), entered December 8, 2003 in a proceeding pursuant to CPLR 7503 (b). The order, insofar as appealed from, denied petitioner's application for a permanent stay of arbitration.

It is hereby ordered that the order insofar as appealed from be and the same hereby is unanimously reversed on the law without costs and the application is granted.

Memorandum: We agree with petitioner that Supreme Court erred in denying its application for a permanent stay of arbitration. We reject at the outset the contention of David W. Ambeau and Monica L. Ambeau (respondents) that the appeal should be dismissed because the denial of the application was without prejudice (*see Allen v General Elec. Co.*, 11 AD3d 993, 994 [2004]; *Gruet v Care Free Hous. Div. of Kenn-Schl Enters.*, 305

AD2d 1060 [2003]). With respect to the merits, we conclude that petitioner established that respondents violated the terms of the policy by failing to obtain its written consent to settle with the tortfeasor prior to asserting a claim for supplementary uninsured/underinsured motorist coverage (*see Matter of Allstate Ins. Co. [Brown]*, 288 AD2d 955 [2001]; *Friedman v Allstate Ins. Co.*, 268 AD2d 558 [2000]; *State Farm Mut. Auto. Ins. Co. v Taglianetti*, 122 AD2d 40, 40-41 [1986]; *see also Weinberg v Transamerica Ins. Co.*, 62 NY2d 379, 381-382 [1984]), and respondents failed to raise a triable issue of fact with respect thereto.

Respondents failed to preserve for our review their contention that petitioner failed to disclaim coverage in a timely manner based on respondents' settlement with the tortfeasor without petitioner's consent (*see Matter of Aetna Cas. & Sur. Co. v Scirica*, 170 AD2d 448, 448-449 [1991], *lv denied* 78 NY2d 851 [1991]). Finally, respondents' further contention that petitioner failed to comply with discovery ordered by the court after issuance of the order on appeal herein is based upon matters outside the record on appeal and thus, likewise, is not properly before us (*see Stevenson v City of Rome* [appeal No. 1], 237 AD2d 946 [1997], *appeal dismissed* 90 NY2d 844 [1997]). Present—Pigott, Jr., P.J., Hurlbutt, Martoche, Smith and Pine, JJ.