■ In the Matter of HERMITAGE INSURANCE COMPANY, Respondent, v WILLIAM ESCOBAR, Appellant, et al., Respondents. [877 NYS2d 413]—

In a proceeding, inter alia, pursuant to CPLR article 75 to permanently stay arbitration of a claim for uninsured motorist benefits, William Escobar appeals from so much of an order of the Supreme Court, Nassau County (Phelan, J.), dated May 21, 2008, as determined that the proceeding was timely commenced and directed a framed-issue hearing.

Ordered that on the Court's own motion, the notice of appeal from so much of the order as granted the petition to the extent of directing a framed-issue hearing is deemed an application for leave to appeal from that portion of the order, and leave to appeal is granted (*see* CPLR 5701; *Matter of Standard Fire Ins. Co. v Mouchette*, 47 AD3d 636 [2008]); and it is further,

Ordered that the order is reversed insofar as appealed from, on the law, with costs, the petition is denied, and the proceeding is dismissed as time-barred.

CPLR 7503 (c) requires that an application to stay arbitration be made within 20 days after service of a notice of intention to arbitrate (*see Matter of Fiveco, Inc. v Haber*, 11 NY3d 140, 144 [2008]; *Matter of Land of the Free v Unique Sanitation*, 93 NY2d 942, 943 [1999]; *Matter of Steck [State Farm Ins. Co.]*, 89 NY2d 1082, 1084 [1996]; *Matter of Spychalski [Continental Ins. Cos.]*, 45 NY2d 847, 849 [1978]). Unless a party makes an application for a stay of arbitration within the statutory 20-day period, CPLR 7503 (c) generally precludes the party from objecting to the arbitration thereafter (*see Matter of Fiveco, Inc. v Haber*, 11 NY3d at 144; *Matter of Land of the Free v Unique Sanitation*, 93 NY2d at 943; *Matter of Steck [State Farm Ins. Co.]*, 89 NY2d at 1084; *Matter of Spychalski [Continental Ins. Cos.]*, 45 NY2d at 849). Here, the instant proceeding was commenced more

than 20 days after service upon the petitioner of a notice of intention to arbitrate. Contrary to the Supreme Court's determination, the record contains no indication that the petitioner was denied a fair opportunity to commence a proceeding to permanently stay arbitration within 20 days after service of the notice (*see Matter of Allstate Ins. Co. v Barbera,* 117 AD2d 801, 802 [1986]; *Matter of CNA Ins. Co. v Glass,* 75 AD2d 600 [1980]; *cf. Matter of Nationwide Ins. Co. v Singh,* 6 AD3d 441, 444 [2004]). Under these circumstances, the petition should have been denied, and the proceeding dismissed as untimely. Dillon, J.P., Balkin, Belen and Chambers, JJ., concur.