■ In the Matter of METLIFE AUTO & HOME et al., Respondents, v DEBRA A. ZAMPINO, Appellant. [886 NYS2d 697]—

In a proceeding pursuant to CPLR article 75 to permanently stay arbitration of a claim for uninsured motorist benefits, Debra A. Zampino appeals from an order of the Supreme Court, Nassau County (Galasso, J.), entered August 8, 2008, which, after a hearing, and, upon a decision of the same court dated June 5, 2008, granted the petition.

Ordered that the order is affirmed, with costs.

The appellant, Debra A. Zampino, was involved in a three-car collision on September 8, 2006. Her vehicle was first struck by an unidentified vehicle that subsequently left the scene of the accident. Zampino's vehicle was then struck by a vehicle owned and operated by nonparty Lesley Jenkins and insured by nonparty GEICO Indemnity Company (hereinafter GEICO). Zampino had an automobile insurance policy with the petitioners MetLife Auto & Home and Metropolitan Group Property and Casualty Insurance Company (hereinafter together MetLife), which included supplementary uninsured/underinsured motorists (hereinafter SUM) coverage. Zampino notified MetLife of her intent to pursue a SUM claim. She subsequently submitted to MetLife a demand for arbitration. MetLife filed a petition for a permanent stay of arbitration. However, once the parties stipulated to certain discovery, that petition was withdrawn. Thereafter, MetLife learned that Zampino had settled with, and executed a general release in favor of, Jenkins and GEICO. MetLife then filed the instant petition to permanently stay arbitration.

An insurer that fails to seek a stay of arbitration within 20 days after being served with a demand to arbitrate a claim generally is precluded from thereafter objecting to the arbitration (*see Matter of Fiveco, Inc. v Haber*, 11 NY3d 140, 144 [2008]; *Matter of Land of the Free v Unique Sanitation*, 93 NY2d 942, 943 [1999]; *Matter of Steck [State Farm Ins. Co.]*, 89 NY2d 1082, 1084 [1996]; *Matter of Spychalski [Continental Ins. Cos.]*, 45 NY2d 847, 849 [1978]; *Matter of Hermitage Ins. Co. v Escobar*, 61 AD3d 869 [2009]). It is undisputed that the instant petition was filed more than 20 days after MetLife was served with Zampino's demand for arbitration. Under the particular circumstances of this matter, however, where Zampino failed to disclose the fact that she reached a settlement with Jenkins and GEICO without MetLife's knowledge or consent allegedly in violation of the SUM endorsement, where MetLife did not discover these facts until after the expiration of the 20-day period set forth in CPLR 7503 (c), and where MetLife filed its petition promptly upon learning of these facts, we find that MetLife's failure to file its petition within that 20-day period does not bar this proceeding (*see State Farm Mut. Auto. Ins. Co. v Isler*, 38 AD2d 966 [1972]; *cf. Matter of Hermitage Ins. Co. v Escobar*, 61 AD3d 869 [2009]; *Matter of Allstate Ins. Co. v Barbera*, 117 AD2d 801, 802 [1986]; *Matter of CNA Ins. Co. v Glass*, 75 AD2d 600 [1980]).

"Where an automobile insurance policy expressly requires the

insurer's prior consent to any settlement by the insured with a tortfeasor, failure of the insured to obtain such prior consent from the insurer constitutes a breach of a condition of the insurance contract and disqualifies the insured from availing himself of the pertinent benefits of the policy, unless the insured can demonstrate that the insurer, either by its conduct, silence, or unreasonable delay, waived the requirement of consent or acquiesced in the settlement" (*Matter of State Farm Auto. Ins. Co. v Blanco,* 208 AD2d 933, 934 [1994] [citations omitted]; *see Matter of Integon Ins. Co. v Battaglia,* 292 AD2d 527 [2002]; *Matter of State Farm Auto. Ins. Co. v Blanco,* 208 AD2d 933 [1994]; *Matter of State Farm Mut. Ins. Co. v Lopez,* 163 AD2d 390 [1990]; *Matter of State Farm Mut. Ins. Co. v Parker,* 160 AD2d 882 [1990]; *State Farm Mut. Auto. Ins. Co. v Taglianetti,* 122 AD2d 40 [1986]; *cf. Matter of State Farm Mut. Auto. Ins. Co. v Lucano,* 11 AD3d 548 [2004]; *Friedman v Allstate Ins. Co.,* 268 AD2d 558 [2000]). It is undisputed that Zampino entered into the settlement with Jenkins and GEICO and executed a release in their favor (which Zampino did not include in the record) without MetLife's consent. Under the circumstances presented here, because it cannot be said as a matter of law that Zampino's settlement with Jenkins and GEICO, and the release executed in connection therewith, protected MetLife's subrogation rights, Zampino may not be excused from her failure to obtain MetLife's written consent prior to entering into the settlement and issuing the release (*see Matter of State Farm Mut. Ins. Co. v Lopez,* 163 AD2d 390 [1990]). Contrary to Zampino's contention, the fact that she claims to seek only uninsured motorist benefits in connection with the unidentified vehicle that left the scene of the accident, and not underinsured motorist benefits in relation to Jenkins, does not establish, as a matter of law, that her settlement with Jenkins and GEICO and her release executed pursuant thereto could not have any effect on MetLife's subrogation rights. Accordingly, the Supreme Court properly granted MetLife's petition to permanently stay arbitration.

The parties' remaining contentions are without merit or need not be reached in light of our determination. Mastro, J.P., Dickerson, Eng and Hall, JJ., concur.