■ In the Matter of Travelers Home and Marine Insurance Company, Appellant, v Samantha Kanner, Respondent. [962 NYS2d 153]—In a proceeding pursuant to CPLR article 75 to permanently stay arbitration of a claim for underinsured motorist benefits, the petitioner appeals from an order of the Supreme Court, Westchester County (Smith, J.), entered January 23, 2012, which denied the petition.

Ordered that the order is reversed, on the law, with costs, and the petition is granted.

On September 24, 2010, Samantha Kanner commenced an action to recover damages for personal injuries against the owner and the driver of a vehicle that allegedly struck her while she was riding a bicycle on June 5, 2010. On September 23, 2011, Geico, the tortfeasors' insurer, tendered the full amount of its policy to Kanner in full settlement of her claim against its insureds. Three days later, Kanner executed a document releasing Geico and its insureds from any further liability.

Kanner then sent to her own insurer, the petitioner, Travelers Home and Marine Insurance Company (hereinafter Travelers), a demand for arbitration, indicating that she was making a claim for underinsured motorist benefits under the supplementary uninsured/underinsured motorist (hereinafter SUM) benefits endorsement to her Travelers' insurance policy. Travelers disclaimed coverage. On October 18, 2011, Travelers commenced this proceeding to permanently stay arbitration. Travelers argued that Kanner had violated the terms of her policy by failing to obtain its consent prior to settling the underlying personal injury action, and that its rights had been impaired and prejudiced as a result. In opposition, Kanner argued that her counsel had informed Travelers that Kanner was pursuing a claim against Geico's insureds, specifically advising Travelers that counsel was awaiting a response from the Geico adjuster as to the adjuster's authority to offer the policy limits in settlement of the underlying action. Kanner further argued that Travelers provided no proof of prejudice, and that Travelers' disclaimer was made in violation of Insurance Law § 3420.

The Supreme Court found that Travelers' agent had been made aware, in a timely fashion, that the owner of the offending vehicle had an insufficient $100,000 policy limit, and that Kanner would likely be seeking underinsured benefits. It fur-

ther found that Travelers failed to establish that it had been prejudiced by Kanner's technical breach of the insurance policy, as required by Insurance Law § 3420 (c) (2) (A). Thus, the Supreme Court denied the petition and, in effect, dismissed the proceeding.

The Supreme Court erred in denying Travelers' petition to permanently stay arbitration. First, the provisions of Insurance Law § 3420 (c) (2) are inapplicable here. Insurance Law § 3420 (c) (2) (A) provides that "[i]n any action in which an insurer alleges that it was prejudiced as a result of a failure to provide timely notice, the burden of proof shall be on: (i) the insurer to prove that it has been prejudiced, if the notice was provided within two years of the time required under the policy; or (ii) the insured, injured person or other claimant to prove that the insurer has not been prejudiced, if the notice was provided more than two years after the time required under the policy." A reading of Insurance Law § 3420 indicates that the reference to notice means notice of the insured's claim, not notice of a settlement. Here, Travelers does not contend that it was prejudiced by Kanner's failure to provide timely notice of her claim pursuant to Insurance Law § 3420, but by her failure to obtain Traveler's consent prior to settling the underlying action, in violation of the consent-to-settle provision in the policy.

Here, there is no dispute that Kanner executed a general release on September 26, 2011, a mere three days after receiving written notice from Geico that it would offer the full policy limit to settle her claim. However, the clear language of Travelers' policy, specifically the Release and Advance Endorsement, provided that a release may be executed only after Travelers is given 30 days' written notice. Moreover, that endorsement also provided that "[a]n insured shall not otherwise settle with any negligent party without [Travelers] written consent." Where, as here, an automobile insurance policy expressly requires the insurer's prior consent to any settlement by the insured with a tortfeasor, failure of the insured to obtain such prior consent from the insurer constitutes a breach of the insurance contract. The failure to obtain such consent disqualifies the insured from availing himself or herself of the pertinent benefits of the policy, unless the insured can demonstrate that the insurer, either by its conduct, silence, or unreasonable delay, waived the requirement of consent or acquiesced in the settlement (*see Matter of Metlife Auto & Home v Zampino*, 65 AD3d 1151 [2009]; *Matter of State Farm Auto. Ins. Co. v Blanco*, 208 AD2d 933 [1994]).

There is also no dispute that Travelers never provided written consent to the settlement, as required by the SUM endorse-

ment to Kanner's policy. Moreover, Kanner failed to demonstrate that Travelers waived the requirement of consent or acquiesced in the settlement by its conduct, silence, or unreasonable delay. Kanner claims that her counsel informed Travelers, in written correspondence dated September 24, 2011, that counsel was awaiting a response from the Geico adjuster as to the adjuster's authority to offer the policy limits. However, that correspondence is not part of the record. Even if the alleged correspondence was in fact sent on September 24, 2011, and that correspondence constituted the written notice required by the policy endorsement, Kanner did not give Travelers the 30 days required by that endorsement to either consent to the settlement or advance the settlement amount. Kanner settled with the tortfeasors on September 26, 2011, a mere two days after counsel purportedly sent the alleged correspondence. Furthermore, Kanner's allegation that counsel had telephone conversations with a representative of Travelers as to a potential underinsured motorist claim is insufficient to show that Travelers waived the consent requirement (*see New York Cent. Mut. Fire Ins. Co. v Danaher*, 290 AD2d 783 [2002]).

When an insured settles with a tortfeasor in violation of a condition requiring his or her insurer's written consent to settle, and fails to preserve the insurer's subrogation rights, the insurer is prejudiced, and the insured is precluded from asserting a claim for underinsured motorist benefits (*see Matter of State Farm Mut. Auto. Ins. Co. v Lucano*, 11 AD3d 548 [2004]; *Morrison v Worldwide Ins. Group*, 212 AD2d 518 [1995]; *Matter of State Farm Mut. Ins. Co. v Donath*, 164 AD2d 889 [1990]; *State Farm Mut. Auto. Ins. Co. v Taglianetti*, 122 AD2d 40 [1986]). Once the existence of a release in settlement of the relevant tort claim is established, the burden is on the insured to establish, by virtue of an express limitation in the release, or of a necessary implication arising from the circumstances of its execution, that the release did not operate to prejudice the subrogation rights of the insurer (*see Weinberg v Transamerica Ins. Co.*, 62 NY2d 379, 382-383 [1984]; *Matter of Prudential Prop. & Cas. Ins. Co. [Bacchus]*, 226 AD2d 384 [1996]). Kanner failed to establish that there is any express limitation in the release she executed in favor of Geico and its insureds that preserved Travelers' subrogation rights. Furthermore, there is no evidence in the record of any circumstances surrounding the execution of the release that would give rise to a necessary implication that the release did not operate to prejudice Travelers' subrogation rights.

Accordingly, the Supreme Court should have granted Travel-

ers' petition to permanently stay arbitration of Kanner's under-insured motorist claim. Dillon, J.P., Angiolillo, Dickerson and Hinds-Radix, JJ., concur.