Matter of State Farm Fire & Cas. Co. v McLaurin (2019 NY Slip Op 03057)





Matter of State Farm Fire & Cas. Co. v McLaurin


2019 NY Slip Op 03057


Decided on April 24, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 24, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
CHERYL E. CHAMBERS
JEFFREY A. COHEN
VALERIE BRATHWAITE NELSON, JJ.


2017-06602
 (Index No. 2084/16)

[*1]In the Matter of State Farm Fire and Casualty Company, appellant, 
v
Jovanee McLaurin, et al., respondents.


Picciano & Scahill, P.C., Bethpage, NY (Albert J. Galatan of counsel), for appellant.
Levine and Wiss, PLLC (Mitchell Dranow, Sea Cliff, NY, of counsel), for respondents.



DECISION & ORDER
In a proceeding pursuant to CPLR article 75 to permanently stay arbitration of a claim for uninsured motorist benefits, the petitioner appeals from an order of the Supreme Court, Suffolk County (John H. Rouse, J.), dated May 9, 2017. The order, insofar as appealed from, upon reargument, vacated a prior order of the same court dated May 4, 2016, granting the petition, and thereupon denied the petition.
ORDERED that the order dated May 9, 2017, is reversed insofar as appealed from, on the law, with costs, and, upon reargument, the determination in the order dated May 4, 2016, granting the petition to permanently stay arbitration of a claim for uninsured motorist benefits is adhered to.
The respondents Jovanee McLaurin and Kathy Corbin were involved in a three-car collision on December 6, 2013. They were in a vehicle owed by Corbin and insured by the petitioner, State Farm Fire and Casualty Company (hereinafter State Farm). Corbin's vehicle collided with a vehicle owned and operated by nonparty Maria Martinez. A third vehicle allegedly struck Corbin's vehicle, and the driver of that vehicle fled on foot. Corbin's policy with State Farm included supplementary uninsured/underinsured motorists coverage. McLaurin and Corbin made a demand, dated July 30, 2015, to arbitrate a claim for uninsured motorist benefits under the State Farm policy based on the involvement of the third vehicle. They also commenced an action to recover damages for personal injuries against Martinez and her husband (hereinafter the Martinez action). That action was settled by stipulation dated September 18, 2015, upon the execution of general releases in favor of Martinez and her husband, and payment by Martinez's insurance carrier of its policy limits.
Upon learning of the settlement in the Martinez action, State Farm commenced this proceeding pursuant to CPLR article 75 against McLaurin and Corbin to permanently stay arbitration of the uninsured motorist claim on the ground that the insurance contract was breached when McLaurin and Corbin settled the Martinez action without obtaining State Farm's prior written consent, thereby precluding McLaurin and Corbin from asserting claims for benefits under the uninsured motorist provision of the State Farm policy. In an order dated May 4, 2016, the Supreme Court granted the petition on McLaurin and Corbin's default. McLaurin and Corbin moved pursuant to CPLR 5015(a) and CPLR 2005 to vacate the order dated May 4, 2016. In an order dated January [*2]10, 2017, the Supreme Court denied the motion. McLaurin and Corbin then moved for leave to reargue their motion to vacate the May 4, 2016 order, and, in effect, to deny the petition. In an order dated May 9, 2017, the court, upon reargument, vacated the order dated May 4, 2016, and thereupon denied the petition to permanently stay arbitration. State Farm appeals. We reverse insofar as appealed from.
"Where an automobile insurance policy expressly requires the insurer's prior consent to any settlement by the insured with a tortfeasor, failure of the insured to obtain such prior consent from the insurer constitutes a breach of a condition of the insurance contract and disqualifies the insured from availing himself [or herself] of the pertinent benefits of the policy" (Matter of State Farm Auto. Ins. Co. v Blanco, 208 AD2d 933, 934; see Matter of Travelers Home & Mar. Ins. Co. v Kanner, 103 AD3d 736, 737; Matter of Metlife Auto & Home v Zampino, 65 AD3d 1151, 1152-1153; Matter of Integon Ins. Co. v Battaglia, 292 AD2d 527; Matter of State Farm Mut. Ins. Co. v Lopez, 163 AD2d 390, 391). It is undisputed that McLaurin and Corbin entered into the settlement of the Martinez action without State Farm's consent. "Once the existence of a release in settlement of the relevant tort claim is established, the burden is on the insured to establish, by virtue of an express limitation in the release, or of a necessary implication arising from the circumstances of its execution, that the release did not operate to prejudice the subrogation rights of the insurer" (Matter of Travelers Home & Mar. Ins. Co. v Kanner, 103 AD3d at 738; see Weinberg v Transamerica Ins. Co., 62 NY2d 379, 382-383; Matter of Prudential Prop. & Cas. Ins. Co. [Bacchus], 226 AD2d 384, 385). Here, McLaurin and Corbin failed to establish that the release issued in the Martinez action did not operate to prejudice the subrogation rights of State Farm (see Matter of Metlife Auto & Home v Zampino, 65 AD3d at 1153). Accordingly, the Supreme Court should have, upon reargument, adhered to the determination in the order dated May 4, 2016, granting the petition to permanently stay arbitration of the claim for uninsured motorist benefits.
BALKIN, J.P., CHAMBERS, COHEN and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court