Davis v New York Schs. Ins. Reciprocal (2024 NY Slip Op 00998)

Davis v New York Schs. Ins. Reciprocal

2024 NY Slip Op 00998

Decided on February 28, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 28, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
FRANCESCA E. CONNOLLY
ROBERT J. MILLER
PAUL WOOTEN, JJ.

2021-04919
 (Index No. 609665/19)

[*1]Edwin Davis, appellant, 
v
New York Schools Insurance Reciprocal, et al., respondents.

Dell & Dean, PLLC, Garden City, NY (Joseph G. Dell and Mischel & Horn, P.C. [Scott T. Horn and Andrew J. Fisher], of counsel), for appellant.
Ahmuty, Demers & McManus, Albertson, NY (Glenn A. Kaminska and Nicholas P. Calabria of counsel), for respondents.

DECISION & ORDER
In an action to recover damages for breach of contract and for a judgment declaring that the defendants are obligated to provide supplementary uninsured/underinsured motorists coverage under an insurance policy, the plaintiff appeals from an order of the Supreme Court, Nassau County (David P. Sullivan, J.), entered July 2, 2021. The order granted the defendants' motion for summary judgment dismissing the complaint and, in effect, declaring that the defendants are not obligated to provide supplementary uninsured/underinsured motorists coverage under an insurance policy.
ORDERED that the order is affirmed, with costs, and the matter is remitted to the Supreme Court, Nassau County, for the entry of a judgment, inter alia, declaring that the defendants are not obligated to provide supplementary uninsured/underinsured motorists coverage under an insurance policy.
The plaintiff sustained injuries in a collision between a school bus operated by him and a vehicle operated by Lorraine A. Walsh. The school bus was covered under an insurance policy issued by the defendant New York Schools Insurance Reciprocal (hereinafter NYSIR). The insurance policy included supplementary uninsured/underinsured motorists (hereinafter SUM) coverage with a $1 million limit. Exclusion 1 of the SUM endorsement provided that SUM coverage did not apply to an insured's bodily injury if the insured or the insured's legal representatives, "without our written consent, settles any lawsuit against any person or organization that may be legally liable for such injury." Condition 10 of the SUM endorsement provided, in part, that if the insured "settles with any [negligent] party for the available limit of the motor vehicle bodily injury liability coverage of such party, release may be executed with such party after [30] calendar days actual written notice to us . . . . An insured shall not otherwise settle with any negligent party, without our written consent, such that our rights would be impaired." With respect to subrogation, the SUM endorsement provided that if the insurer makes a SUM coverage payment, it has "the right to recover the amount of this payment from any person legally responsible for the bodily injury or loss of the person to whom, or for whose benefit, such payment was made." Each of these provisions can be found in the prescribed SUM endorsement set forth in 11 NYCRR 60-2.3(f).
The plaintiff commenced a personal injury action against Walsh. Walsh commenced separate actions against several medical providers, alleging, inter alia, that the collision resulted from their failure to warn that certain medications administered to Walsh during a hospital visit impaired her ability to safely operate a vehicle. Thereafter, the plaintiff followed Walsh's lead and commenced an action against Walsh's medical providers (see Davis v South Nassau Communities Hosp., 26 NY3d 563, 569).
In 2019, the plaintiff settled with Walsh for $100,000, which was the policy limit of Walsh's insurance carrier, State Farm. The plaintiff separately settled with Walsh's medical providers for a total of $1,525,000. Thereafter, the plaintiff sought NYSIR's consent to settle. Ultimately, NYSIR disclaimed all SUM coverage, inter alia, on the ground that the plaintiff settled his actions against Walsh and her medical providers prior to seeking NYSIR's consent to do so, as required by the insurance policy.
The plaintiff commenced this action against NYSIR and the defendant N.Y. Schools Insurance Foundation, Inc., to recover damages for breach of contract and for a judgment declaring that the defendants are obligated to provide SUM coverage under the insurance policy. The defendants moved for summary judgment dismissing the complaint and, in effect, declaring that they are not obligated to provide SUM coverage under the insurance policy, arguing, inter alia, that the plaintiff breached the insurance policy by failing to provide advance written notice or obtain NYSIR's consent prior to settlement. The Supreme Court granted the motion, and the plaintiff appeals.
"Where an automobile insurance policy expressly requires the insurer's prior consent to any settlement by the insured with a tortfeasor, failure of the insured to obtain such prior consent from the insurer constitutes a breach of a condition of the insurance contract and disqualifies the insured from availing himself [or herself] of the pertinent benefits of the policy, unless the insured can demonstrate that the insurer, either by its conduct, silence, or unreasonable delay, waived the requirement of consent or acquiesced in the settlement" (Matter of Metlife Auto & Home v Zampino, 65 AD3d 1151, 1152-1153 [internal quotation marks omitted]; see Matter of Travelers Personal Ins. Co. v Hanophy-Ryan, 200 AD3d 695, 696-697; Matter of State Farm Fire & Cas. Co. v McLaurin, 171 AD3d 1191, 1192). Where, as here, the existence of a release in settlement of the relevant tort claim is established, the burden is on the insured to establish, "by virtue of an express limitation in the release, or of a necessary implication arising from the circumstances of its execution, that the release did not operate to prejudice the subrogation rights of the insurer" (Matter of State Farm Fire & Cas. Co. v McLaurin, 171 AD3d at 1193 [internal quotation marks omitted]; see Weinberg v Transamerica Ins. Co., 62 NY2d 379, 382-383; Matter of Travelers Home & Mar. Ins. Co. v Delgado, 218 AD3d 688; Matter of Metlife Auto & Home v Zampino, 65 AD3d at 1153).
Here, the defendants established, prima facie, that the insurance policy required the plaintiff to provide NYSIR with written notice seeking consent to settle and that the plaintiff failed to comply with this provision (see Matter of Travelers Personal Ins. Co. v Hanophy-Ryan, 200 AD3d at 696). In opposition, the plaintiff failed to raise a triable issue of fact. Contrary to the plaintiff's contention, he did not raise a triable issue of fact as to the defendants' waiver of the notice/consent requirement or the defendants' alleged acquiescence to the settlement (see id. at 697).
Further, contrary to the plaintiff's contention, he failed to establish that the settlements and releases did not operate to prejudice the defendants' subrogation rights. The plaintiff did not establish that there was an express limitation in the releases he executed in favor of the tortfeasors and their insurance carriers that preserved these subrogation rights. Moreover, the plaintiff did not establish that any circumstances surrounding the execution of the releases gave rise to a necessary implication that the releases did not operate to prejudice the defendants' subrogation rights (see generally Matter of Travelers Home & Mar. Ins. Co. v Kanner, 103 AD3d 736, 738). Contrary to the plaintiff's contention, his attorney's sworn statement that he orally advised counsel for the tortfeasors that the plaintiff would seek to recover under the SUM endorsement was insufficient to establish circumstances surrounding the execution of the releases giving rise to a necessary implication that the releases did not operate to prejudice the defendants' subrogation rights [*2](see id. at 738-739; Matter of Metlife Auto & Home v Zampino, 65 AD3d at 1153).
Accordingly, the Supreme Court properly granted the defendants' motion for summary judgment dismissing the complaint and, in effect, declaring that they are not obligated to provide SUM coverage under the insurance policy. Since this is, in part, a declaratory judgment action, we remit the matter to the Supreme Court, Nassau County, for the entry of a judgment, inter alia, declaring that the defendants are not obligated to provide SUM coverage under the insurance policy (see Lanza v Wagner, 11 NY2d 317, 334).
BARROS, J.P., CONNOLLY, MILLER and WOOTEN, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court